## HUGH J. GALLAGHER V. EDWIN GIDDINGS.

[FILED OCTOBER 14, 1891.]

Mortgage: DEED ABSOLUTE IN FORM: REDEMPTION: DISMISSAL. A deed, absolute in form, was given to secure the payment of money due from the maker to the grantee, and after maturity of the loan the grantor brought an action to redeem the lands from the equitable mortgage and for a reconveyance, in which a decree was entered that the land be reconveyed upon the payment, within a specified time, of the amount found due the grantee. The payment not having been made, subsequently the court dismissed. the petition to redeem, but gave no right nor privilege to take further legal proceedings on the subject. Held, That the dismissal of the petition to redeem forever barred and foreclosed the equity of redemption of the parties to that action and their privies.

ERROR to the district court for Holt county. Tried below before HOPEWELL, J.

M. F. Harrington, for plaintiff in error, cited: Hansen v. Berthelsen, 19 Neb., 433; Merriam v. Hyde, 9 Id., 120; Hughes v. Davis, 40 Cal., 117; 1 Jones, Mortgages, 336, 339, 1108; White v. Lucas, 46 Ia., 319; Cowing v. Rogers, 34 Cal., 648; Campbell v. Dearborn, 109 Mass., 130; Westlake v. Horton, 85 Ill., 228; McCarthy v. McCarthy, 36 Conn., 177; Kemper v. Campbell, 44 O. St., 210;

*Woods v. Shields*, 1 Neb., 453; *Renard v. Brown*, 7 Id., 454; Kent's Com., 134; *Borrowscale v. Tuttle*, 5 Allen [Mass.], 377; *Perine v. Dunn*, 4 Johns. Ch. [N. Y.], 142; *Bishop v. Paine*, 11 Ves. [Eng.], 199; *Cholmley v. Countess*, 2 Atk. [Eng.], 267; *Foote v. Gibbs*, 1 Gray [Mass.], 413; *Durant v. Essex Co.*, 7 Wall. [U. S.], 107; Wells, Res Adjudicata, sec. 455; Freeman, Judgments, sec. 270; *Sch. Dist. v. Brown*, 10 Neb., 441; *Baird v. Kirtland*, 8 O., 21; *Buchan v. Sumner*, 2 Barb. Ch. [N. Y.], 199.

*G. M. Cleveland, contra*, cited: *Kyger v. Ryley*, 2 Neb., 27; *Gregory v. Hartley*, 6 Id., 356; *Hansen v. Berthelsen*, 19 Id., 433; *Merriam v. Hyde*, 9 Id., 120; *Neafie v. Neafie*, 11 Am. Dec. [N. Y.], 380; *Loudenback v. Collins*, 4 O. St., 251; *Smith v. Auld*, 1 Pac. Rep. [Kan.], 626; *Taylor v. Larkin*, 49 Am. Dec. [Mo.], 119; *Smith v. McNeal*, 109 U. S., 426; *McMillan v. Richards*, 9 Cal., 365; *Goodenow v. Ewer*, 16 Id., 461; *Green v. Fisk*, 103 U. S., 519; *Colcord v. Fletcher*, 50 Me., 401.

Norval, J.

This was an action in ejectment brought by the plaintiff in error in the district court of Holt county. The defendants interposed a general demurrer to the petition, which was sustained, and the plaintiff elected to stand upon his petition, whereupon the court dismissed the action and adjudged costs against the plaintiff.

The petition alleges, in effect, that on the 22d day of April, 1885, the defendants Edwin Giddings and one Cyrus D. B. Eiseman, being the owners in fee simple of lot 16 in block 17, in the city of O'Neill, conveyed the same by warranty deed to E. F. Gallagher; that Lydia Giddings, the wife of said Edwin, joined in said conveyance, and the deed was on the same day duly recorded in the office of the county clerk of Holt county; that on the 6th day of August, 1885, while Giddings and Eiseman were

in possession of the premises, said E. F. Gallagher, by warranty deed, conveyed the premises to the plaintiff, Hugh J. Gallagher, which deed was on the same day duly recorded; that on the 11th day of August, 1885, said Edwin Giddings and Cyrus D. B. Eiseman commenced an action in the district court of Holt county against E. F. Gallagher and Hugh J. Gallagher to have the deed given by Giddings and Eiseman to E. F. Gallagher declared to be a mortgage, and praying that they be allowed to redeem said premises therefrom; that on the 2d day of September, 1886, the district court found that the said deed of conveyance, signed by said Eiseman and Edwin and Lydia Giddings, was given as a mortgage to secure the payment of a note of $900, which note was given for $795.05, money borrowed at a usurious rate of interest, and entered a decree that the said Cyrus D. B. Eiseman and Edwin Giddings pay to the said E. F. Gallagher the said sum so found due, or pay that amount into court for him within ten days; that said Gallagher, within twenty days from the date of the said decree, convey said premises to said Eiseman and Giddings by a good and sufficient deed, and in default thereof, that the decree should operate as a conveyance, and that the title to said premises be quieted and confirmed in said Eiseman and Giddings, upon their paying to said E. F. Gallagher the said sum of $795.05. A copy of the pleadings and decree in said action is set out in the petition filed in this cause.

The petition also avers that an appeal was taken from said decree to the supreme court, and at the January, 1888, term thereof the said decree of the district court was modified so as to require the plaintiffs to pay interest upon the amount of the loan, from the date thereof, at the rate of seven per cent per annum, and the cause was remanded to the district court with directions to allow interest as aforesaid.

The petition further alleges that by agreement of the parties to said suit the cause was again submitted to the

supreme court for the purpose of having a final judgment
and decree entered in said court, and at the July, 1888,
term thereof, a decree was entered therein, in words and
figures as follows :

"EDWIN GIDDINGS AND C. D. B. EISEMAN,
      Plaintiffs and Appellees,
             *v.*
E. F. GALLAGHER AND HUGH J. GALLAGHER,
      Defendants and Appellants.

" This cause coming on for hearing upon the motion of
the plaintiffs to retax costs and the stipulation of the par-
ties to have the final decree entered in this court, and the
court, being fully advised in the premises, does find that
the deed of conveyance described in plaintiffs' petition in
the original action, signed by C. D. B. Eiseman, Edwin
Giddings, and Lydia Giddings, transferring lot No. 16
(sixteen), block 17 (seventeen), in the village of O'Neill and
state of Nebraska, as the same appears of record in the of-
fice of the county clerk of Holt county, Nebraska, to E. F.
Gallagher, was given as a mortgage to secure the payment of
a note for $900, which note was given for borrowed money,
which the said C. D. B. Eiseman and Edwin Giddings
borrowed from the said E. F. Gallagher, and that the
plaintiffs herein are indebted to the said E. F. Gallagher
on said note in the sum of $795.05, and that the balance of
the $900 for which said note was given, and which said
deed was given to secure, was usurious interest, and that
the deed of conveyance described in said petition signed by
E. F. Gallagher, conveying the lot above described to Hugh
J. Gallagher, was fraudulent and void, and that the said
Hugh J. Gallagher had notice of the fact that said deed
from C. D. B. Eiseman, Edwin Giddings, and Lydia Gid-
dings to E. F. Gallagher was intended between the parties
thereto as a mortgage and was given for the purpose of se-
curing said loan of money as aforesaid, and that the same
was never recorded as required by law.

18

"It is therefore ordered, adjudged, and decreed that the plaintiffs herein, Cyrus D. B. Eiseman and Edwin Giddings, pay to the defendant E. F. Gallagher the sum of $795.05, and $200.26 interest thereon, and interest thereon at the rate of seven per cent from the date of this decree, or pay that amount into court for him within ninety days from the date of this decree, and that said E. F. Gallagher do, within twenty days from the payment of said amount as aforesaid, convey the premises as aforesaid to the said C. D. B. Eiseman and Edwin Giddings by a good and sufficient deed with covenants of warranty against his own acts, and in default thereof, that this judgment have the operation and effect of such deed; that the deed signed by E. F. Gallagher, conveying the above described premises to Hugh J. Gallagher, be, and the same hereby is, canceled and forever annulled and set aside; that the title to said premises be, and the same hereby is, quieted and confirmed in and to the said C. D. B. Eiseman and Edwin Giddings; that the cloud upon said premises be, and the same is hereby, forever cleared from the same; that the said Hugh J. Gallagher, and all persons claiming through or from him, be forever foreclosed from setting up or in any manner claiming title to or any interest in said premises through, or by virtue of the said deed from E. F. Gallagher to Hugh J. Gallagher, upon the plaintiff herein paying, within ninety days, the sum of $795.05 and $200.26 interest thereon, and interest at the rate of seven per cent on said amounts from the date of this decree, and that the defendants pay the costs of the district court taxed at $———, and one-third of the costs of this court taxed at $47.15. And in case said plaintiffs neglect or refuse to pay the said sum of money within ninety days, as aforesaid, their petition filed in the district court of Holt county in this case be dismissed and that the plaintiffs pay all costs in both courts."

The petition further avers that said Cyrus D. B. Eise-

man and Edwin Giddings failed to pay said sums of money so decreed by the supreme court, within ninety days from the date of said decree, that the same is still unpaid; that at the October, 1889, term of the district court of Holt county, this plaintiff and said E. F. Gallagher filed in said court a motion to dismiss said action for non-compliance with the said final decree, which motion was submitted to said court, upon the consideration whereof the court sustained said motion and dismissed said action.

The petition further alleges that said Eiseman has sold and conveyed his interest in said premises to the defendant herein, who keeps the plaintiff out of the possession thereof.

The question presented for consideration is, Did the dismissal of the petition to redeem, filed by Eiseman and Giddings in their suit against Hugh J. Gallagher and E. F. Gallagher, quiet the title to the premises in controversy in the plaintiff herein? The warranty deed of April 22, 1885, executed by Giddings and wife and Eiseman, although absolute in form, being given as security for a loan of money, in equity is regarded as a mortgage. Although the grantor E. F. Gallagher is considered only a mortgagee, the deed conveyed the legal title to the premises to him, and nothing remained in the grantors except the equity of redemption. This case is different from an ordinary mortgage, in which the title does not pass to the mortgagee, but remains in the mortgagor until foreclosure and sale. (*Baird v. Kirtland,* 8 O., 21; *Kemper v. Campbell,* 44 O. St., 210; *Hughes v. Davis,* 40 Cal., 117; 1 Jones on Mortgages, sec. 339.)

The deed from E. F. Gallagher to Hugh J. Gallagher conveyed the legal title to the land to the latter, but the right of redemption remained in the grantors of the deed of April 22, 1885, and they were entitled to a conveyance of the land upon the payment of the amount due on the loan. Had full payment been made, a reconveyance was indispensable to reclothe the grantors with the legal title

to the premises, or a decree that they be reconveyed, and in default thereof, the decree have the effect of a conveyance. Eiseman and Giddings brought their action to redeem from the equitable mortgage and for a reconveyance, alleging in their petition that they were ready and willing to pay the debt, and a decree was entered that the land be reconveyed to them upon the payment, within a specified time, of the amount found due the grantee. The payment not having been made, subsequently the petition to redeem was dismissed by the court and the right or privilege to take further legal proceedings on the subject was not given by the decree.

In argument it is claimed by the defendant in error that the judgment of dismissal of the petition to redeem is not a bar to the equity of redemption. In ordinary mortgages the right of the mortgagor to redeem is cut off by foreclosure and sale. The legal title in such case being in the mortgagor, in order to divest him of his title there must be a foreclosure of the mortgage, a sale under the decree and deed to the purchaser at the sale. And when a deed, although absolute in form, is intended as a mortgage, the equity of redemption of the grantor may be barred by foreclosure proceedings. But the legal title in such an equitable mortgage being in the grantee, where the grantor brings an action to redeem the premises and his petition is dismissed, by reason of his default in making payments by the day set in the decree for redemption, and no privilege is given to bring another action, the grantor's right of redemption is thereby extinguished. It constitutes a complete bar to any further litigation of the same subject between the same parties and privies. (*Borrowscale v. Tuttle*, 5 Allen [Mass.], 377; *Perine v. Dunn*, 4 Johns. Ch. [N. Y.], 142; *Foote v. Gibbs*, 1 Gray, 413; *Stevens v. Miner*, 110 Mass., 59; 2 Hilliard on Mortgages, 43.)

It follows that the petition of Eiseman and Giddings to redeem having been dismissed for their failure to pay the

O. & R. V. R. Co. v. Hall.

amount found due by the decree, they could not maintain another action to redeem. The judgment of dismissal barred and foreclosed their equity of redemption, and the relation of mortgagor and mortgagee no longer exist. The right of redemption being extinguished, the plaintiff cannot foreclose. If he has such a remedy, then the right of redemption has not ceased, for, as stated in *Renard v. Brown*, 7 Neb., 454, "The right of redemption is said to be a correspondent right to that of foreclosure."

But the defendant in error insists that the dismissal of the petition to redeem did not bar the equity of redemption of Lydia Giddings, the wife of the defendant, as she was not a party to said action. She not having been a party to the former litigation, it is obvious that her rights were not affected by the proceedings. Mrs. Giddings is not a party to this action, therefore it is not necessary to determine what her rights are.

The judgment of the district court, in sustaining the demurrer to the petition and dismissing this action, is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.