JOHN S. HARRINGTON V. BENJAMIN BIRDSALL.

FILED NOVEMBER 8, 1893.   NO. 4873.

1. **Land Contracts:** DEFAULT IN PAYMENT OF PURCHASE MONEY: FORECLOSURE: TENDER OF DEED. In an action by a vendor of real estate to foreclose a land contract, or bond for a deed, on account of the failure and refusal of the vendee to pay the purchase money according to the contract, a tender of a deed by the plaintiff before bringing the suit need not be shown.

2. ———: ———: ———: ———: COSTS. The failure to tender a deed could, at most, only affect the question of costs.

3. ———: ———: ———: ———. Courts of equity will decree a strict foreclosure of land contracts only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases where it would be inequitable and unjust to ·refuse them. Rule applied.

4. The statute providing for stay of execution and orders of sale does not apply to decrees of strict foreclosure.

ERROR from the district court of Buffalo county. Tried below before CHURCH, J.

*W. L. Hand,* for plaintiff in error:

A tender of a deed by a vendor in a land contract must be made before an action can be maintained in equity for a foreclosure. (*Willard v. Tayloe,* 8 Wall. [U. S.], 557; *Cole v. Wright,* 50 Ind., 296; *McCaslin v. State,* 44 Ind., 151; *Turner v. Lassiter,* 27 Ark., 662; *Wakefield v. Johnson,* 26 Ark., 506; *Klyce v. Broyles,* 37 Miss., 524; *Wyvel v. Jones,* 33 N. W. Rep. [Minn.], 43.)

One who claims a forfeiture must show a readiness and willingness on his part to perform the contract. (*Post v. Garrow,* 18 Neb., 682.)

No agreement for a forfeiture is contained in the contract. No forfeiture will be declared when the parties have

not stipulated for one. (*Schunck v. Gegenseitiger Wittwen und Waisen Fond*, 44 Wis., 372; *Hull v. Northwestern Mutual Life Ins. Co.*, 39 Wis., 405 ; *Hall v. Delaplaine*, 5 Wis., 206 ; *Ewald v. Northwestern Mutual Life Ins. Co.*, 60 Wis., 431; *Jacoby v. Stetler*, 4 Atl. Rep. [Pa.], 342.)

Equity does not lend its aid to enforce a forfeiture. (*Marshall v. Vicksburg*, 15 Wall. [U. S.], 146.)

Under a land contract an equitable interest passes to the vendee. (*Shaw v. Foster*, 5 L. R. H. L. [Eng.], 321; *Rose v. Watson*, 10 H. L. Cas. [Eng.], 672*; *Wall v. Bright*, 1 J. & W. Rep. [Eng.], 494; *Lysaght v. Edwards*, L. R., 2 Ch. D. [Eng.], 499 ; *Vail v. Drexel*, 9 Ill. App., 439; *Moore v. Burrows*, 34 Barb. [N. Y.], 173 ; *McKechnie v. Sterling*, 48 Barb. [N. Y.], 330; *Jennisons v. Leonard*, 21 Wall. [U. S.], 302 ; *Bissell v. Heyward*, 96 U. S., 580.)

There is no sensible distinction between the cases of a legal title conveyed to secure the payment of a debt and a legal title retained to secure the payment of a debt.   In both cases courts of equity consider the estate only as a security for the payment of the debt. (*Graham v. McCampbell*, Meigs [Tenn.], 56 ; *Lewis v. Boskins*, 27 Ark., 63; *Moore v. Anders*, 14 Ark., 628 ; *Curtis v. Buckley*, 14 Kan., 449; *Connor v. Banks*, 18 Ala., 42; *Sparks v. Hess*, 15 Cal., 186; *Lewis v. Hawkins*, 23 Wall. [U. S.], 119; *Relfe v. Relfe*, 34 Ala., 504.)

In the foreclosure of a title bond the purchaser is treated as a mortgagor, for all purposes of the suit.   The rights of the parties are the same as those of the parties to a formal mortgage. (2 Jones, Mortgages, sec. 1449.)

The vendor has an equitable lien upon the land for the unpaid purchase money. (*Rhea v. Reynolds*, 12 Neb., 128 ; *Dorsey v. Hall*, 7 Neb., 465; *Whitehorn v. Cranz*, 20 Neb., 392; *Birdsall v. Cropsey*, 29 Neb., 672.)

Whenever property is transferred, no matter in what form, or by what conveyance or contrivance for the trans-

16

fer thereof, if in reality it is security for a debt or the per-
formance of some condition, equity will treat the transfer,
in effect, as a mortgage, and it is not material that the per-
son in whom the right of redemption is recognized has
only an equitable title. (*Marshall v. Thompson*, 39 N.
W. Rep. [Minn.], 311; *Niggeler v. Maurin*, 24 N. W.
Rep. [Minn.], 369; *Fisk v. Stewart*, 24 Minn., 97; *King
v. Remington*, 29 N. W. Rep. [Minn.], 352; *Livingston v.
Ives*, 27 N. W. Rep. [Minn.], 74; *Hoile v. Bailey*, 17 N.
W. Rep. [Wis.], 322; *Starks v. Redfield*, 9 N. W. Rep.
[Wis.], 168; *Russell v. Southard*, 12 How. [U. S.], 152;
*Carr v. Carr*, 52 N. Y., 258; *Morris v. Budlong*, 78 N.
Y., 553; *Bowery Nat. Bank v. Duncan*, 12 Hun [N. Y.],
405; *Church v. Kidd*, 3 Hun [N. Y.], 265; *Wilson v.
Richards*, 1 Neb., 343; *Omaha Book Co. v. Sutherland*,
10 Neb., 336; *Schade v. Bessinger*, 3 Neb., 145, and cases
cited.)

When once the rule is established that a land contract is
a security, and therefore a mortgage, the statutory require-
ments in regard to foreclosure and sale apply and must be
followed. (*Gregory v. Hartley*, 6 Neb., 362.)

In all foreclosures a sale must be had. Strict foreclos-
ures are prohibited. (*Kyger v. Ryley*, 2 Neb., 22.)

In all cases of foreclosure and sale defendant has the
statutory right to a stay of the order of sale. (*Spencer v.
Moyer*, 29 Neb., 305.)

*F. L. Huston*, also for plaintiff in error.

*Hamer, Sinclair & Brown, contra:*

A tender of the deed before bringing suit was not neces-
sary. (*Winton v. Sherman*, 20 Ia., 295; *Rutherford v. Ha-
ven*, 11 Ia., 587; Pomeroy, Specific Performance, sec. 363;
*Bruce v. Tilson*, 25 N. Y., 197; *Freeson v. Bissell*, 63 N.
Y., 168; *Hawk v. Greensweig*, 2 Pa. St., 295; *Woodson v.
Scott*, 1 Dana [Ky.], 470; *Seeley v. Howard*, 13 Wis., 375;

*St. Paul Division No. 1 Sons of Temperance v. Brown*, 9 Minn., 157; *Morris v. Hoyt*, 11 Mich., 9; *Smoot v. Rea*, 19 Md., 398; *Maughlin v. Perry*, 35 Md., 352.)

A judgment of strict foreclosure may be properly rendered upon a land contract for failure of the vendee to make the payment stipulated for. As to the form of the decree it should be that the money due on the contract be paid within such reasonable time as the court shall direct, and that in case of failure to make payment the vendee be foreclosed of his equity of redemption. (Jones, Mortgages, sec. 1541; *Kirby v. Harrison*, 2 O. St., 333; *Alley v. Deschamps*, 13 Ves. [Eng.], 224; *Foster v. Ley*, 32 Neb., 404; Pomeroy, Eq. Jur., sec. 1262; *Landon v. Burke*, 36 Wis., 378; *Button v. Schroyer*, 5 Wis., 598; *McMillan v. Richards*, 9 Cal., 412; *Jefferson v. Coleman*, 11 N. E. Rep. [Ind.], 465; *Hayward v. Judd*, 4 Minn., 375; *Benedict v. Mortimer*, 8 Atl. Rep. [N. J.], 515.)

NORVAL, J.

This action was brought by defendant in error in the court below for the strict foreclosure of a land contract, or bond for a deed, on account of the failure of the vendee to pay the purchase money according to contract. The following is a copy of the instrument declared on:

"Know all men by these presents, that we, Benjamin Birdsall and Hannah Birdsall, husband and wife, of Kearney, Nebraska, are held and firmly bound unto Daniel A. Dorsey in the penal sum of three thousand dollars, for the payment of which we bind ourselves firmly by these premises, upon condition as follows: Whereas, the said Benjamin Birdsall and Hannah Birdsall have agreed to sell and convey unto the said Daniel A. Dorsey by deed of quitclaim, for the consideration of two thousand five hundred dollars, the following described property, to-wit: Lot number forty-nine (49), in the northwest quarter of School Section Addition to the city of Kearney, formerly

Kearney Junction, in the county of Buffalo and state of Nebraska, and the said Daniel A. Dorsey has agreed to purchase said premises and to make payment as follows: Two hundred and fifty dollars cash in hand, the receipt of which is hereby acknowledged, and twenty-one hundred and fifty dollars on or before the 20th day of October, 1889, with interest thereon at ten per cent per annum, according to one certain promissory note of even date herewith, made by said Daniel A. Dorsey, payable to said Benjamin Birdsall, said Dorsey to pay interest according to the state of Nebraska after this date on said lot:

"Therefore, the condition of this obligation is such, that if the above bounden Benjamin Birdsall and Hannah Birdsall will convey said premises by deed of quitclaim, and clear of all incumbrances, except $247.50, balance due the state of Nebraska upon the unpaid part of the purchase money on said lot, to said Daniel A. Dorsey, upon payment of said consideration at the times above stipulated, then this obligation to be void, otherwise to be and remain in full force and effect."

"Witness our signatures hereto subscribed this twentieth day of October, A. D. 1888.

"(Signed)               BENJAMIN BIRDSALL.
                        "HANNAH BIRDSALL.

"In presence of
    "A. T. GAMBLE."

Duly acknowledged before A. T. Gamble, notary public, on the twentieth day of October, 1888.

The petition alleges the execution of the said instrument and the recording thereof in the office of the county clerk of Buffalo county on the 20th day of October, 1888; that on November 14, 1889, said Daniel Dorsey assigned all his rights under said contract to the defendant, John S. Harrington, who then assumed and agreed to pay the obligations of Dorsey thereunder; that said Dorsey and Harrington failed, neglected, and refused to pay the balance

due the state of the purchase price of said real estate, and plaintiff, in order to protect his title, was compelled to, and did, pay the state the sum of $247.50; that at the time of entering into said agreement Dorsey gave to plaintiff the promissory note, mentioned therein, for the balance of the purchase price, calling for $2,150, payable on October 20, 1889, bearing interest at ten per cent from date thereof; that at the maturity of said note plaintiff requested the payment of the same, which was refused; that no part of said note has been paid, and the entire sum, principal and interest, is due and unpaid; that Hannah Birdsall, who signed said contract and bond in conjunction with the plaintiff, is the wife of said plaintiff, and has otherwise no interest in said instrument, nor in the real estate therein described.

On December 10, 1890, the defendant filed an answer admitting the allegations of the petition as to said D. A. Dorsey and alleging that on the 15th day of November, 1889, for a valuable consideration, Dorsey transferred to him all his rights in and to said premises, which transfer was in writing, duly witnessed, acknowledged, and recorded; with prayer that, upon paying into court the amount ascertained to be due, the plaintiff be required to execute a deed to the defendant of said premises.

On February 2, 1891, plaintiff filed a motion for judgment upon the pleadings, and upon the next day the defendant filed an amended answer, alleging a sale of the said premises by plaintiff to Dorsey substantially as averred in the petition; that for the purpose of securing the payment of the sum of $2,150 and interest, still unpaid, plaintiff, instead of executing a deed to Dorsey and taking a mortgage back, retained the legal title to the premises, and executed a bond for a deed, agreeing therein to convey said real estate on payment to him of the balance of the purchase price; that Dorsey took possession of the premises and remained in possession thereof until he transferred the

same to the defendant; that at no time has plaintiff offered to deliver either to Dorsey or defendant the said note for $2,150.

The prayer is that the court adjudge that the note and bond for a deed are a note and mortgage, and for such other and further relief as provided by law.

The case was submitted to the district court upon the petition, answer, and amended answer, and there was found due the plaintiff, on account of the note and contract set forth in the petition, the sum of $2,912.50. It was decreed that the defendant, within sixty days, pay said sum with ten per cent interest from the date of the decree, to plaintiff, and upon said payment being made plaintiff shall convey said premises by quitclaim deed to defendant; but in case of failure to pay the same within said time, then said defendant, and all persons claiming under him, shall be forever barred and foreclosed of all equity of redemption, and of all right to or interest in said premises. It was further decreed that plaintiff bring the said note into court and surrender the same to the clerk of the court for cancellation; and that the bond mentioned in the pleadings be canceled and held for naught.

On February 6, 1891, three days after the date of said decree, the defendant below filed a written request for a stay for a period of nine months, which application was denied by the court, and the defendant's exception was entered.

The first error assigned is that the petition does not state a cause of action for the reason it fails to allege the tender of a deed of the premises by the plaintiff before the bringing of the suit. Under the stipulations of the parties contained in the contract or bond for a deed in question, the execution and delivery of the deed by the defendant in error was conditional that the vendee should pay the unpaid part of the purchase price, together with the amount due the state. The payment of the balance of the considera-

tion and the delivery of the deed to the premises were to be simultaneous and concurrent, and the vendor was not in default until the remainder of the purchase money was paid or tendered. The rights of the plaintiff in error were fully protected by the decree. Birdsall was ordered to make a deed to Harrington on his paying the amount found due by a day named by the court, and it was also decreed that the note mentioned in the petition should be surrendered for cancellation. It was unnecessary for the plaintiff below to allege in his petition, or prove on the trial, that he tendered to the defendant a deed of the land prior to the bringing of the action. (*Stevenson v. Maxwell*, 2 N. Y., 408; *Bruce v. Tilson*, 25 N. Y., 194; *Freeson v. Bissell*, 63 N. Y., 168; *Daily v. Litchfield*, 10 Mich., 29; *Morris v. Hoyt*, 11 Mich., 9; *Seeley v. Howard*, 13 Wis., 375; *Wasson v. Palmer*, 17 Neb., 330; *Stevenson v. Polk*, 71 Ia., 278; s. c., 32 N. W. Rep., 340; *Hawk v. Greensweig*, 2 Pa. St., 295; *Smoot v. Rea*, 19 Md., 398; *Rutherford v. Haven*, 11 Ia., 587; *Winton v. Sherman*, 20 Ia., 295.)

The last case was an action by the vendor upon a contract for the sale of land, to foreclose the defendants' interest therein. The defense was that no deed had been tendered. Cole, J., in delivering the opinion of the court, says: "In an action at law to recover the consideration agreed to be paid for real estate not yet conveyed, but which, by the contract of purchase, was to be conveyed at the time of the payment of the consideration, it has been held a sufficient defense to aver and show that the deed had not been delivered and tendered. * * * But this rule does not obtain in equity cases, where the court, upon a final decree, can grant just such relief as the plaintiff may show himself entitled to, upon such conditions as shall fully protect the rights of the defendants, not only as to the subject-matter, but as to costs. A delivery or tender of deed, before bringing suit in equity for the pur-

chase money and foreclosure of lien therefor, or other equitable relief, is not necessary." We have no doubt of the correctness of the rule above stated, and it is sustained by the great weight of the authorities.

The case of *Post v. Garrow*, 18 Neb., 682, cited by plaintiff in error, is not authority to the contrary. Unlike this, that was an action at law. In that case the plaintiffs purchased a quantity of cattle of defendant, paying $300 cash and agreeing to pay the balance on the date named for the delivery of the cattle. Plaintiffs appeared at the time and place agreed upon, with the money, for the purpose of receiving the cattle, but defendant failed and refused to deliver the stock. In an action on the contract by the buyer for damages for the non-delivery of the cattle, and to recover the money advanced, it was held that it was not incumbent on the plaintiffs to prove a tender of the balance of the purchase price, and that the defendant could not claim a forfeiture of the $300 without showing that he was ready and willing to perform on his part the contract in every particular. The authorities draw a distinction between an equitable action to enforce a contract and a suit at law for damages for non-performance. As stated by the court in *Bruce v. Tilson*, 25 N. Y., 198, *supra*, "In the latter, the right of action grows out of a breach of the contract, and a breach must exist before the commencement of the action, while in the former, the contract itself, and not a breach of it, gives the action." In the case at bar, the failure of the plaintiff to tender a deed does not affect the merits or rights of the parties. At most it could only bear upon the question of costs.

Counsel for plaintiff in error insist that the plaintiff below cannot have a strict foreclosure, and urge that the decree should have been for a sale of the premises as in ordinary foreclosure cases. This question, it seems to the writer, has been set at rest by the decisions of this court in *Foster v. Ley*, 32 Neb., 404, and *Gallagher v. Giddings*, 33

Neb., 222.   The former was an action by the vendor for the specific execution of a land contract which contained no express condition of forfeiture.   The plaintiff tendered his deed and demanded payment of the purchase money, which was refused.   The defendant contended that, as the contract made no provision of forfeiture in default of the vendee's complying with the terms of payment, the contract must be regarded in the nature of a mortgage, and that the vendee was entitled to the benefit of sale, as under ordinary mortgage foreclosure proceedings.   The district court rendered a decree that the defendant comply with his contract within thirty days by making the payments and executing the notes and mortgage according to the contract, and upon failure to pay the money and execute the notes and mortgage, and received from plaintiff a deed to the premises within said time, that defendant forfeit all right, title, and interest to and in the premises.   On appeal to this court the decree of the trial court was affirmed.   It was held that plaintiff might have brought an action to foreclose the contract, but that was not his only remedy.

In the opinion in *Gallagher v. Giddings*, 33 Neb., 222, *supra*, it is said that "the warranty deed of April 22, 1885, executed by Giddings and wife and Eiseman, although absolute in form, being given as security for a loan of money, in equity is regarded as a mortgage.   Although the grantor, E. F. Gallagher, is considered only a mortgagee, the deed conveyed the legal title to the premises to him, and nothing remained in the grantors except the equity of redemption.   This case is different from an ordinary mortgage, in which the title does not pass to the mortgagee but remains in the mortgagor until foreclosure and sale. (*Baird v. Kirtland*, 8 O., 21; *Kemper v. Campbell*, 44 O. St., 210; *Hughes v. Davis*, 40 Cal., 117; 1 Jones, Mortgages, sec. 339.) * * * Eiseman and Giddings brought their action to redeem from the equitable mortgage and for a reconveyance, alleging in their petition that they were ready and willing

to pay the debt, and a decree was entered that the land be reconveyed to them upon the payment, within a specified time, of the amount found due the grantee. The payment not having been made, subsequently the petition to redeem was dismissed by the court, and the right or privilege to take further legal proceedings on the subject was not given by the decree.

"In argument it is claimed by the defendant in error that the judgment of dismissal of the petition to redeem is not a bar to the equity of redemption. In ordinary mortgages the right of the mortgagor to redeem is cut off by foreclosure and sale. The legal title in such case being in the mortgagor, in order to divest him of his title there must be a foreclosure of the mortgage, a sale under the decree, and deed to the purchaser at the sale; and when a deed, although absolute in form, is intended as a mortgage, the equity of redemption of the grantor may be barred by foreclosure proceedings. But the legal title in such an equitable mortgage being in the grantee, where the grantor brings an action to redeem the premises, and his petition is dismissed by reason of his default in making payments by the day set in the decree for redemption, and no privilege is given to bring another action, the grantor's right of redemption is thereby extinguished." (See 36 Cent. L. J., 471.)

The case at bar falls within the principle laid down in the decisions just cited. The remedy by strict foreclosure of land contracts cannot be resorted to in all cases. The remedy being a harsh one, courts of equity will decree a strict foreclosure only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases where it would be inequitable to refuse them. If the vendee or purchaser has not been guilty of gross laches, nor unreasonably negligent in performing the contract, a strict foreclosure should be refused on the ground

that it would be unjust, even though the vendee may have been slightly in default in making of a payment. So, for the same reason, a strict foreclosure will be denied where the premises have greatly increased in value since the sale, or where the amount of unpaid purchase money is much less than the value of the property. On the other hand, if the vendee, without sufficient excuse, fails to make his payments according to the stipulations of his contract, and for an unreasonable time remains in default, the vendor may have a strict foreclosure of the contract for the sale and purchase of the land, unless some principle of equity would be thereby violated.

Applying the foregoing observations to the facts of the case at bar, we are forced to the conclusion that the plaintiff below was entitled to the relief demanded, and the court did not err in rendering a decree of strict foreclosure. But one payment has ever been made upon the land, and that was the $250 paid when the contract was entered into. The purchaser had neglected to pay the amount due the state, and the vendor was compelled to do so to protect the title. At the commencement of the action the vendee was in default more than fifteen months, and no excuse has been given for the delay, nor has it been shown that the land has increased in value, or that it is now worth more than the unpaid purchase price. Manifestly it would be unjust, under the circumstances disclosed by this record, to render a decree of foreclosure and sale, as in ordinary mortgage foreclosure proceedings.

The only remaining objection to be noticed is, the overruling of plaintiff in error's motion for a stay of an order of sale. Had a decree of foreclosure and sale been entered, then, under the decision in *Spencer v. Moyer*, 29 Neb., 305, the defendant would have been entitled to a stay of the decree for the period of nine months, by merely filing a written request therefor within the time fixed by statute. But the statute providing for the stay of executions and orders

of sale has no application to decrees of strict foreclosure.
The decree of the district court is

AFFIRMED.