OMAHA COAL, COKE & LIME COMPANY ET AL., APPELLANTS, v. HENRY SUESS, APPELLANT, ET AL., APPELLEES.

| 54 | 379 |
|----|-----|
| 59 | 192 |

FILED MARCH 17, 1898.   No. 7891.

1. **Judgment: REPEAL OF STATUTE: CREDITORS' BILL.** A judgment against stockholders for a liability arising under section 136, chapter 11, General Statutes 1873, rendered after the repeal of that statute, is erroneous merely and not void; therefore, the repeal of the statute before judgment rendered is no defense to a creditors' bill to enforce the judgment.

2. **Fraudulent Conveyance: INTENT.** The question of fraudulent intent when a conveyance is assailed on the ground that it is void as against creditors of the grantor, is one of fact.

3. **Trial: WITHDRAWAL OF REST: MORTGAGES.** There was no abuse of discretion in refusing plaintiffs leave to withdraw their rest, when the court announced that it would find a deed absolute in form to be a mortgage and valid as such, when the offer of proof made by plaintiffs was not of further evidence of fraudulent intent but only of the amount due under the mortgage, for the purpose of fixing the extent of its lien; and when the court reserved the case for such an accounting and the plaintiff then had an opportunity to make such proof.

4. **Mortgages: FUTURE ADVANCES: JUDGMENTS.** A mortgage to secure future advances was made in the form of a deed absolute. No obligation rested on the mortgagee to make any advances. Creditors of the mortgagor recovered judgments after the mortgage was recorded, and, after causing executions to be levied on the land mortgaged, brought a creditors' bill to subject it to the payment of their judgments. *Held,* That the mortgage was prior to their claims for all sums advanced before the mortgagee had knowledge thereof, but subject to their claims as to sums advanced after the mortgagee acquired knowledge of their rights.

5. ————: ————: **EXECUTIONS: CREDITORS' BILL.** A deed absolute in form conveying the legal title, although intended as a mortgage to secure future advances, and the lien of a judgment not attaching to an equitable estate, the liens of other creditors of the grantor did not attach until the levy of execution at the earliest; and in

the absence of evidence that advances were made by the mortgagee between the levy and the commencement of a creditor's suit to subject the land to the payment of the judgments, the latter date was properly taken as marking the time after which advances on the mortgage were subordinate to the claims of such other creditors.

6. ———: ———: ———. Whether the levy of an execution on land so conveyed charged the mortgagee with notice of the judgment, *quære.*

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Affirmed.*

*J. W. West* and *Charles Ogden,* for appellants.

*Isaac Adams, contra.*

IRVINE, C.

This was an action in the nature of a creditors' bill. The plaintiffs had recovered judgments against one Gottlieb Zimmerman, and had caused executions to be levied on certain land in the city of Omaha, the title to which was once in Zimmerman, but which had, prior to the recovery of the judgments, been by him conveyed to Henry Suess. The facts, as disclosed by the pleadings and evidence, are as follows: Zimmerman was a stockholder in a corporation known as the Omaha Brick & Terra Cotta Manufacturing Company. The officers of that corporation failed to publish statements of its indebtedness as required by law, and during the period of such default it became indebted to plaintiffs in divers sums. Judgments were recovered against the corporation, and executions having been returned unsatisfied, a suit was brought by one of the judgment creditors against Zimmerman and other stockholders, which resulted in a judgment or judgments, in favor of all the plaintiffs in this case against the stockholders, for different amounts, according to their respective holdings. It is upon these judgments that this suit is based. Before these judgments were recovered against the stockholders, but after

the debts on which they were based were contracted,
Zimmerman made a deed of the land here in question to
Henry Suess and that deed was recorded. Suess was an
agent of the Anheuser-Busch Brewing Association, and
the object of the deed was to secure the brewing associa-
tion on account of certain indebtedness then existing
from Zimmerman to it, and for future advances. The
plaintiffs attacked the conveyance to Suess as fraudu-
lent. The court found that the conveyance to Suess was
in legal effect a mortgage to secure the brewing associa-
tion, and that it was a valid lien for that purpose. It
established the lien created thereby as a senior lien as
to the amount advanced to Zimmerman prior to the com-
mencement of this action. It then established the judg-
ments of plaintiffs as liens inferior to the mortgage to the
extent indicated, but superior to the mortgage as against
advances made after the commencement of the suit.
The plaintiffs and Suess appeal, Suess claiming that the
court erred in adjudging that plaintiffs had any lien, and
if that was not error, then in subjecting to their claims
that for advances made by the brewing association after
suit was brought; the plaintiffs asserting that the court
erred in allowing the lien of Suess for any amount.

The broad assertion made on behalf of Suess is that
the plaintiffs are entitled to nothing by reason of their
judgments. This assertion is based on the fact that the
indebtedness of the terra cotta company to the plaintiffs
arose while section 136 of chapter 11 of the General Stat-
utes of 1873 was in force, and that the judgments were
rendered after it had been repealed. The statute re-
ferred to rendered stockholders generally liable for debts
of a corporation incurred while such corporation was in
default in the publishing of notices of indebtedness. In
1891 that statute was repealed and replaced by another
substituting a different and a limited liability. (Session
Laws 1891, ch. 13.) The debts on which the judgments
of plaintiffs are founded were incurred under the former
law, but judgment was not rendered, nor indeed was

suit begun until after its repeal. It has been held that these statutes are penal in their nature, and that the repeal of the former act had the effect of defeating existing causes of action thereunder. (*Globe Publishing Co. v. State Bank*, 41 Neb. 175.) It does not, however, follow that because the court should not have rendered the judgments they cannot after their rendition be enforced. On this point the argument of Suess is that the judgments, because of the prior repeal of the act, were void. The authorities cited do not support that theory. They are all cases where the jurisdiction of the court rendering the judgment was affected by the repeal of the act. Thus, if a court is one of limited jurisdiction, and depends upon a statute for its jurisdiction over a certain class of cases, the repeal of the act conferring jurisdiction ousts it of all power in the premises, and judgments thereafter rendered are for that reason void. So, too, perhaps, if a court be one of general jurisdiction, and a statute giving a right of action prescribes a special remedy, the repeal of the act might defeat the jurisdiction in such cases. And, if a court, although of general jurisdiction, derives its power to make a particular order solely from statute, the repeal of the statute might render a subsequent order of that character void, not strictly for want of jurisdiction of the subject-matter, but for want of power to make such an order. This case does not fall within any of these classes. The act repealed did not provide any special procedure or vest in the court the power to render any extraordinary relief. It merely gave a right of action, to be enforced by any court having jurisdiction of actions of that class, and to result in ordinary judgments, enforceable by the usual sanctions. The district court was a court of general jurisdiction. The proceeding in this case was by petition in the nature of a bill in equity, to marshal the debts, and determine the liability of the respective stockholders. The new law preserved such a right of action and made no special provision as to the manner of its enforcement. The district court having

general jurisdiction of actions of this general character, independent of statute, and having jurisdiction of the persons, its judgment was not void; it was at most erroneous. The case is not different in this respect than it would have been if the action had been founded upon the theory that a common-law liability existed. If the court had so held it would have been error, for which the judgment could have been set aside by appellate proceedings, but it would not have been void, any more than any judgment is void when an erroneous view as to the liability of the defendant has been taken by the court, and has led to the judgment.

The next matter presenting itself for examination is the correctness of the court's action in adjudging the conveyance to Suess to be a valid lien. The evidence shows that Zimmerman had for some years been purchasing beer from the brewing association for bottling purposes. He should under his agreement have paid therefor at stated intervals, but before this deed was made he had become lax in this regard, and the brewing association insisted upon security. He then owed the brewing association a considerable sum. The conveyance in question was made to Suess, who, as has been said, was an agent of the association, but who lived in Denver and does not seem to have had any connection with Zimmerman's affairs except to receive the conveyance. The conveyance was to secure what was already owing and to operate as a continuing security for indebtedness that might thereafter be contracted by Zimmerman's purchasing beer from the association. The deed was absolute in form, conveyed much property besides that in dispute, and stated a consideration many times as great as the indebtedness then existing and probably much more than at any time existed. There was perhaps sufficient in the circumstances to have warranted the district court in finding that the conveyance was fraudulent as against creditors, although based on a valuable consideration; but we do not think that the evidence was so conclusive

that the court was bound to so find. Cases are cited which hold that a conveyance made under somewhat similar circumstances is in law fraudulent, but our statute (Compiled Statutes, ch. 32, sec. 20) makes the question of fraudulent intent in such cases always one of fact. The circumstances of this case are not inconsistent with good faith and honest motives, and the finding cannot be disturbed.

In this connection complaint is made of the action of the trial court in prematurely adjudicating the conveyance to be valid. In the first instance Zimmerman was not a party to the action. The plaintiffs alleged generally that the conveyance to Suess was without consideration and was made to defraud creditors. The answer of Suess alleged the character and consideration of the conveyance. Evidence was taken and the plaintiffs rested their case. The defendant moved for a dismissal. The matter was taken under advisement and the court at a later day refused to dismiss, stating that it found the deed to Suess to be a mortgage as above set forth, and that it would order Zimmerman to be brought in in order that an accounting might be had of the amount due the brewing association. Then counsel for plaintiffs said: "I ask leave to withdraw my rest, and go on and introduce further testimony as to the actual consideration of this mortgage. The object of the bill is of course to simply fix the amount, if any, of the defendant's rights in these premises, so that, when the premises are appraised for the sale, that being determined, it can be deducted from the interest of the defendant in the premises, and a proper appraisement may be made for the sale, which cannot be done as long as that indefinite interest stands open." The plaintiffs having rested, it was largely within the discretion of the court to permit them to withdraw the rest, and the court might have required a specific statement as to the evidence they sought to introduce. But it appeared from the statement made that plaintiffs acquiesced in the finding that the conveyance was a mortgage, and only

wished the amount determined in order that Suess' interest might be ascertained in its extent. They did not offer further to attack the *bona fides* of the conveyance. The court was reserving the case for the express purpose of ascertaining that amount, and without setting aside the interlocutory order just made, the court could proceed to take the account, giving plaintiffs full opportunity to be heard on the accounting on the only matter upon which they wished to adduce proof. It does not appear that this opportunity was ever refused them. While the proceedings were not according to the usual course, it does not appear that plaintiffs were at all prejudiced.

We now come to that part of the court's order fixing priorities. There can be no question of the priority of Suess' claim for indebtedness existing when the conveyance was made. The whole subject of priorities as between a mortgage to secure future advances and liens accruing subsequently to the recording of such a mortgage has recently been exhaustively discussed, with copious references to the adjudications in this country and in England, by the supreme court of North Dakota. (*Union Nat. Bank v. Milburn & Stoddard Co.*, 73 N. W. Rep. 527.) A reference to that case is deemed sufficient to render unnecessary any recollation of the cases, and the results there stated so commend themselves to our reason that we are content to adopt them so far as they apply to the case at bar. It is there said that a mortgage to secure future advances is valid between the parties and as to third persons; that if the mortgage on its face states that it is for that purpose, or if it appears to be a mortgage for a sum certain and the actual debt does not exceed that sum, a junior lienor takes subject thereto for all moneys then advanced or which may be advanced after the junior lien attaches and before the senior mortgagee has notice thereof. The recording of a junior lien, or the rendition of a judgment against the mortgagor, does not charge the mortgagee with notice of

such junior lien. It seems that where the mortgagee is legally obligated to make further advances he may make them, even after notice of the attaching of a junior lien, and his mortgage will be prior thereto as to such later advances. This was the case in *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207, where the mortgage was given priority over mechanics' liens where the work did not begin until after the mortgage was recorded, but before the money was advanced. Applying these principles to the case before us we find that no question here arises from the fact that the deed did not show that it was for future advances and did not specify an amount which it secured, because the plaintiffs' liens are not liens arising by virtue of contract, from debts created on the credit of this property, but attached only by operation of law to the debtor's interest therein, whatever it may be. On the other hand, there was no obligation resting on the brewing association to make any definite advances. True, its agent testifies that it was required to do so, but that was only his conclusion of law, and an erroneous conclusion. The contract for the sale of beer was a verbal one, was uncertain as to duration and the extent of the sales. It was merely a vague agreement to sell Zimmerman beer and to sell no one else in Omaha beer for bottling purposes, and in return Zimmerman agreed to sell no beer other than that made by the brewing association. The brewing association might at any time terminate the arrangement and refuse further credit. There is no proof that any agreement for any particular amount of credit was made as an inducement or consideration for executing the mortgage. The brewing association and Suess had notice of the lien of plaintiffs at the latest when this suit was brought, and the court therefore did right in subjecting to the judgments the claims of the brewing association for indebtedness incurred by Zimmerman after the commencement of the suit. For reasons already indicated the court also correctly gave the claims of the brewing association priority for debts created before it

or Suess had notice of plaintiffs' liens. It is not necessary to inquire when those liens attached or exactly when notice thereof was acquired. To prove the debt, and the times of its creation, the bill of exceptions shows that the books of the brewing association were introduced in evidence. Their contents does not appear from the bill of exceptions. There is therefore no proof that any advances were made between the time of the levies of the executions and the commencement of the suit. A judgment is not a lien on an equitable estate in land. *Nessler v. Neher*, 18 Neb. 649.) A deed absolute in form but intended as a mortgage conveys the legal estate. (*Gallagher v. Giddings*, 33 Neb. 222; *Zittle v. Schlesinger*, 46 Neb. 844; *First Nat. Bank of Plattsmouth v. Tighe*, 49 Neb. 299.) Therefore, plaintiffs acquired no lien until, at the earliest, their executions were levied. It not appearing that any advances were made between the levies and the commencement of the suit, it is not necessary to decide upon which of these events the lien arose or Suess was charged with notice thereof.

AFFIRMED.