FARMERS & MERCHANTS STATE BANK OF BEATRICE, APPELLEE, V. JAMES THORNBURG, APPELLANT, ET AL.

FILED MAY 4, 1898. No. 8083.

Vendor and Vendee: CONTRACTS: STRICT FORECLOSURE. A decree of strict foreclosure of contracts of sale and purchase of real estate or forfeiture of the vendee's rights thereunder will be accorded only by reason of the existence of peculiar and special facts and circumstances. Applications for relief of the nature just indi-

cated are addressed to the sound legal discretion of the court and will be granted if it would be inequitable and unjust to refuse them. The rule announced in *Harrington v. Birdsall*, 38 Neb. 176, approved and applied.

APPEAL from the district court of Gage county. Heard below before BABCOCK, J. *Reversed.*

*E. O. Kretsinger*, for appellant.

*L. W. Colby* and *George A. Murphy, contra,*

HARRISON, C. J.

On June 6, 1892, the appellant James Thornburg purchased of J. R. Sherman a lot in the city of Beatrice and agreed to pay therefor the sum of $2,000, of which he then paid $200, and contracted to pay of the principal the sum of $15 on the first of each and every succeeding month thereafter and $6 as interest, which made the total of the amounts to be paid monthly $21, this to continue until the payments should operate an extinguishment of one-half the agreed indebtedness and the interest, when a deed was to be executed and delivered to the purchaser, he to execute and deliver to the grantor a mortgage on the real estate to secure the payment of the balance of the purchase price. The contract of sale and purchase was evidenced by a written instrument in which the terms were fully stated, and it was further provided that the purchaser should pay all taxes assessed against the lot subsequent to the date of the contract of sale, and that insurance should be obtained on any buildings on the premises and continued during the existence of the agreement of purchase, the same to be for the benefit of the vendor, such fact to appear by clause in the policy to that effect. It was also of the agreement that time as to its stipulated payments was of its essence, and any default in them, or other conditions or requirements of performance of acts on the part of the purchaser, should work a forfeiture of all his rights in the premises; and

to further enforce the agreement the vendor, at his election, might proceed to recover possession of the property. On December 22, 1894, the appellee filed its petition in the district court of Gage county, in which it pleaded that, as assignee of the vendor, it was owner of the contract between James Thornburg and J. R. Sherman and entitled to demand its enforcement, and also that the legal title to the real estate had been duly conveyed to the appellee; that there had been paid by the vendee, in accordance with the terms of the agreement, the cash payment of $200 at the inception of the sale and the required monthly installments from July 1, 1892 to June 19, 1894, inclusive, and the interest payments for the months of July, August, and September, 1894, and a failure to pay any other or further of the installments of principal or interest. It was further alleged that there had been a failure on the part of the vendee to comply with the provisions of the contract relative to insurance and payment of taxes. A forfeiture of appellant's rights under the contract was demanded, and that appellee be placed in possession of the property involved; or within the view of such an action as is frequently taken—that it is one of foreclosure as of a mortgage—the relief herein sought and accorded (for appellee was successful) may not inaptly be denominated a "strict foreclosure." The appellant admitted the contract and its provisions as pleaded by appellee, except in relation to insurance and taxes; as to these, and a failure to perform as alleged in the petition, there were on his part denials. He also pleaded and established by undisputed testimony that for the times of his delinquency in payments demanded by the letter of the contract occurrences which he was unable to control or shape differently had made it impossible for him to meet the demands of the agreement in accordance with its exact requirements; that any default on his part in a strict performance of the contract was not intentional, but could not have been otherwise. These matters, while probably not in and of themselves suffi-

cient to move a court to refuse the enforcement literally of the agreement, were to be considered in connection with other facts, if any proved, which were to be influential in the final adjudication of the questions in litigation. It was also pleaded for appellant that the property was of the value of at least $2,000.

In the opinion in the case of *Harrington v. Birdsall*, 38 Neb. 176, wherein a decree of strict foreclosure or of forfeiture of right under a contract of sale of land was affirmed, it was stated: "The remedy by strict foreclosure of land contracts cannot be resorted to in all cases. The remedy being a harsh one, courts of equity will decree a strict foreclosure only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases where it would be inequitable to refuse them. If the vendee or purchaser has not been guilty of gross laches, nor unreasonably negligent in performing the contract, a strict foreclosure should be refused on the ground that it would be unjust, even though the vendee may have been slightly in default in making of a payment. So, for the same reason, a strict foreclosure will be denied where the premises have greatly increased in value since the sale, or where the amount of unpaid purchase money is much less than the value of the property. On the other hand, if the vendee, without sufficient excuse, fails to make his payments according to the stipulations of his contract, and for an unreasonable time remains in default, the vendor may have a strict foreclosure of the contract for the sale and purchase of the land, unless some principle of equity would be thereby violated." In the syllabus this appears:

"Courts of equity will decree a strict foreclosure [of land contracts] only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases where it would be inequitable and unjust to refuse them."

Within a proper application of the foregoing doctrine, and to which we again give our unqualified approval, the decree herein was inequitable and not warranted by the facts. The appellant had paid at the execution of the contract $200 of the agreed purchase price of the property, and for each of twenty-four succeeding months had paid $15 on balance of the principal sum or price and $6 as interest, and for each of three more months had made the interest payment of $6; had paid of the principal $560 and of interest $162, or in the aggregate $722; had been but a very short time in default when this action was commenced, and this not intentionally, but unavoidably.

At the time of the trial some of the witnesses placed the value of the property at from $1,200 to $1,500, and one at about $2,000, from which it may be said that it had possibly depreciated in value considerably since the time of the sale, with a conflict of the testimony as to whether this was a fact or whether it was worth any appreciable sum less than when purchased by appellant. It is true that it was shown that the appellant had not paid the taxes and had not at all times kept the buildings of the property insured, but, all the facts and circumstances considered, and in this connection the reasons shown for the appellant's failure to strictly comply with the contract, there were not presented sufficient grounds for a decree of forfeiture or strict foreclosure. The decree of the district court is reversed and the cause remanded with leave to the appellee to amend the prayer of the petition to ask an ordinary foreclosure, which would have been and will be proper on the facts as shown. If this is not desired, then a dismissal of the action will be correct.

JUDGMENT ACCORDINGLY.