RICHARD G. STROBLE ET AL., APPELLEES, V. CYRIL SMITH ET AL., APPELLANTS.

FILED JUNE 19, 1936. No. 29588.

*W. A. Ehlers,* for appellants.

*Carl T. Self,* contra.

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

ROSE, J.

This is a suit in equity for the strict foreclosure of a contract dated May 29, 1931, obligating Cyril Smith and Elizabeth Smith, defendants, to purchase from Richard G. Stroble and Louise A. Stroble, plaintiffs, the improved resi-

dence property described as lot 17, block 20, Westside Addition to Omaha. The purchase price was $4,800. Vendees paid $500 in cash and agreed to pay $4,300 with interest on the unpaid debt at the rate of 6 per cent. per annum in monthly instalments of $40 each, beginning July 1, 1931. Vendees also agreed to keep the building on the premises insured for $3,500 for the benefit of vendors and to pay promptly all taxes and assessments levied against the real estate subsequent to 1931.

The contract authorized vendors, at their option, to forfeit the interests of vendees therein and retain the payments made, in the event of a breach of covenant or nonpayment of a monthly instalment of the purchase price, after a default continuing 90 days.

In the petition it was alleged that defendants permitted taxes to the extent of $96.96 to become delinquent; that there were defaults in stipulated payments of the purchase price; that, for defaults, plaintiffs forfeited the contract and declared the entire unpaid debt of $3,951.62 due and payable. Attached to the petition was a statement showing payment of $500 May 29, 1931, monthly payments and partial monthly payments from July 1, 1931, to and including June 2, 1934. The petition was filed August 4, 1934.

Defendants in their answer admitted the execution of the contract, but denied they made default as charged in the petition. They also alleged in effect that the written contract was orally altered by agreement of the parties to change the stipulated monthly payments from time to time to monthly payments as actually made and as shown by the statement attached to the petition. The facts affirmatively pleaded in defense were put in issue by a reply.

Upon a trial of the cause the district court found the issues in favor of plaintiffs and ordered the forfeiture of all rights and interests of vendees under the contract unless plaintiffs were paid $3,951.62 and costs within 30 days from the entry of the decree. Defendants appealed.

In equity were plaintiffs entitled to a strict foreclosure?

This is the question presented by the appeal. The principal issue of fact arose on the defense that the parties orally agreed to change the amount of the monthly payment of $40. The evidence proves without controversy that monthly payments were made by defendants and accepted by plaintiffs, as follows: From July 1, 1931, to August 1, 1932, $40; August 1, 1932, to March 1, 1933, $33; March 1, 1933, to October 2, 1933, $20; October 2, 1933, to July 1, 1934, $25. The parties, however, did not agree on the conditions under which the reduced payments were made and accepted. Cyril Smith, defendant, testified, in substance, that his income was reduced in 1932 and that he called upon Richard G. Stroble, plaintiff, and asked for a reduction in monthly payments from $40 to $30 and that by mutual consent they agreed upon $33; that the other changes from 40-dollar payments, for various reasons, likewise resulted from mutual agreements. Stroble testified he did not consent to any change in the written instrument and that the sums accepted were partial payments on the unpaid debts already due. To some extent he was corroborated by his wife who also testified as a witness. On the defensive issue that the contract was changed, the preponderance of the evidence was in favor of plaintiffs as found by the district court.

Would denial of strict foreclosure be inequitable? The application therefor is directed to the sound legal discretion of the court. Strict foreclosure of a land contract, though not containing an express provision for forfeiture, may be decreed for nonperformance by vendee, where the denial of such relief would be inequitable. *Harrington v. Birdsall*, 38 Neb. 176, 56 N. W. 961.

Defendants had possession or control of the premises in controversy under their contract of purchase from July, 1931, until the trial in December, 1934. In the meantime they paid on the purchase price and interest $1,616, which was little more than the rental value of the property while they controlled it. They were in default in the payment of taxes and purchase price. The evidence does not

prove their willingness or ability to continue to pay the unchanged stipulated monthly instalments of $40 each. Without notice to plaintiffs they leased the premises and surrendered possession to tenants. They collected the rents and applied a portion thereof to partial payments of the delinquent purchase price due plaintiffs. While they made repairs at an outlay of $69, they did not do any interior decorating or outside painting. The dwelling-house was in good repair when the lot was sold. Cyril Smith's highest estimate of the value of the property at the time of the trial was $3,400. At the same time the indebtedness to plaintiffs under the contract was $3,951.62, not including delinquent taxes amounting to more than $90. According to evidence adduced by defendants themselves, therefore, they have no equity based on value considered with debt. Under the circumstances it would be inequitable to deny strict foreclosure. In these views of the facts and the law the district court granted the proper relief. Redemption, however, by payment of debt, interest and all costs in both courts will be allowed within 30 days from the filing of the mandate in the district court.

AFFIRMED.