HERBERT E. RUHL ET AL., APPELLEES, v. JOHN H. JOHNSON
ET AL., APPELLANTS.

49 N. W. 2d 687

Filed November 9, 1951. No. 32950.

*Richard O. Johnson* and *H. B. Muffly,* for appellants.

*Cline, Williams, Wright & Johnson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This action began as one in ejectment brought by vendors against purchasers and based on alleged breaches of a contract of sale of real estate and personal property. It ended with a decree of strict foreclosure running in favor of the vendors and against the purchasers. The purchasers appeal. We reverse the judgment of the trial court and remand the cause with directions.

For convenience the vendors will be referred to herein as plaintiffs and the purchasers as defendants. The plaintiffs are husband and wife. The defendants are husband and wife.

This action was tried upon the petition of the plaintiffs, the answer and cross-petition of defendants, and the reply and answer to cross-petition of plaintiffs. We have here for examination and consideration the above pleadings and the court's decree, together with motions for new trial filed by both parties, a bill of exceptions not having been settled as required by statute.

By petition filed September 2, 1949, plaintiffs alleged in general that the plaintiff husband was the legal owner in fee simple of certain real estate in the city of Lincoln; that on October 10, 1947, plaintiffs and defendants entered into a contract of sale whereby the defendants agreed to buy the property for $38,000—$12,000 to be paid at that time and the balance payable in monthly installments of $256.46, including interest on the prin-

cipal due at 5 percent per annum; that defendants were to pay taxes and insurance; that plaintiffs put defendants in possession; that defendants paid thereon the $12,000, and the monthly payments to and including June 1949; that defendants defaulted in the payments due for July and August 1949; that they failed to pay taxes in the amount of $191.25; that demand for performance had been made; that defendants had advised plaintiffs they would not perform; that time was of the essence by the contract; and that notice of the termination of the contract had been given and demand for possession made. Plaintiffs prayed for ejectment and that they be put in possession.

Defendants moved to make more definite and certain and demurred. The motion and demurrer were overruled. Defendants assign these rulings as error. As we view the issues presented here, these assignments need not be determined.

Defendants answered, denied generally, and by cross-petition admitted in substance the contract and the payments made, alleged the payment of insurance and taxes, alleged false representations made by plaintiffs and relied on by defendants as to the condition, quality, and value of the buildings on the premises, alleged damage of $15,000, and prayed for credit of that amount on the purchase price. Defendants alleged that by virtue of payments made to plaintiffs and expenditures made on the property, they had an equitable title to the property, and that plaintiffs by action of ejectment were undertaking to deny a right to redeem under a judicial foreclosure.

By reply and answer to the cross-petition, plaintiffs joined issue on the allegations of misrepresentation.

The defendants moved that the cause be transferred to the equity docket. Plaintiffs waived a jury trial. The court sustained the motion to transfer.

The trial court did not make a general finding for the plaintiffs or the defendants. It found that the plaintiff

husband was the legal owner of the real estate; that a contract of purchase had been made; that defendants had been placed in possession of the property; that payment of $12,000 had been made on the principal sum, as well as monthly payments to and including June 10, 1949; that defendants refused to make further payments until an adjustment had been made as to the purchase price by reason of the representations of the plaintiffs as to the condition of the property; that defendants had failed to pay taxes or insurance as provided by the contract; that false representations had been made as to specific matters; and that defendants had relied on them and had been damaged in the amount of $989. The court credited that amount on delinquent payments due on the purchase price and found that there was due the plaintiffs on the payments on the contract down to and including June 1950, the amount of $2,088.52, to which the court added $105.89 for insurance paid by plaintiffs. These findings are obviously within the issues presented by the pleadings. Neither party challenges them here.

The court then decreed that defendants be allowed credit of $989 on the purchase price, and that plaintiffs have judgment for the balance then due on the contract, in the amount of $2,194.41, together with costs.

The court then ordered the defendants to pay all delinquent real estate taxes, make the monthly payments beginning July 1950, pay all real estate taxes assessed against the property, when due, and keep the property insured, all as provided by the contract.

The court further decreed that if defendants failed to pay the sums found due the plaintiffs and the delinquent taxes within 60 days or failed to make the monthly payments accruing during the 60-day period, plaintiffs should then be entitled to immediate possession and, on application, writ of assistance should issue. The court went further and decreed that if defendants paid the amounts then found due, and delinquent taxes, but

thereafter defaulted in payments due under the contract, plaintiffs could declare a forfeiture as provided in the contract and be entitled to immediate possession and writ of assistance.

The effect of this decree was to grant plaintiffs strict foreclosure of amounts then in default and to adjudicate and grant strict foreclosure in the event of future defaults. The defendants assign as error here that the decree in these respects is contrary to law. This assignment presents the question which we are here required to determine.

It is patent that the trial court denied the plaintiffs relief in ejectment. Plaintiffs do not appeal from that determination, but ask here that the judgment be affirmed.

The question then is, did the court err in granting strict foreclosure?

The applicable rule is: "Courts of equity will decree a strict foreclosure of land contracts only under peculiar and special circumstances. Applications of that character are addressed to the sound legal discretion of the court, and they will be granted in cases where it would be inequitable and unjust to refuse them." Harrington v. Birdsall, 38 Neb. 176, 56 N. W. 961. See, also, Farmers & Merchants State Bank v. Thornburg, 54 Neb. 782, 75 N. W. 45; Patterson v. Mikkelson, 86 Neb. 512, 125 N. W. 1104; Grove v. Dineen, 4 Neb. (Unoff.) 722, 96 N. W. 253; Swanson v. Madsen, 145 Neb. 815, 18 N. W. 2d 217.

In the light of the court's finding and decree it is patent that at the time plaintiffs undertook to terminate this contract and brought their ejectment action, the defendants were entitled to a credit on the purchase price in excess of the total delinquencies pleaded. Plaintiffs here contend that under the contract that credit could not be used to offset the monthly payments. The trial court held otherwise and decreed otherwise. Plaintiffs have not appealed from that determination.

It is patent also that as of the time this action was brought, the credit of $989 being included, defendants had paid on this obligation approximately $16,000, and had a substantial equity in the property. As of the time of the decree that situation remained unchanged except, of course, as to delinquencies accruing during the pendency of the action.

There are no peculiar and special circumstances shown that make it inequitable and unjust to refuse strict foreclosure. Everything in the record is to the contrary. It accordingly follows that the trial court erred in granting a strict foreclosure.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.