Argument for Appellant.

### No. 2,233.

LAWRENCE HUGHES, APPELLANT, *v.* GILMAN DAVIS, RESPONDENT.

DEED AS A MORTGAGE.—LEGAL TITLE.—An absolute deed, although shown by parol evidence to have been intended as a mortgage, conveys the legal title.

IDEM.—EQUITABLE DEFENCE.–OFFER TO REDEEM.–Where a defendant in ejectment, who is the plaintiff's grantor, sets up as a defence that the deed was intended as a mortgage, he must show an offer to redeem before he can be entitled to relief in equity, or deprive the plaintiff of his right of possession under the deed.

AGREEMENT TO EXTEND TIME OF PAYMENT.—CONSIDERATION.—An agreement without consideration, to extend the time of payment of money due on a contract, cannot be enforced.

APPEAL from the District Court of the Ninth District, Shasta County.

The plaintiff appealed.
The other facts are stated in the opinion.

*Beatty & Denson,* for Appellant.

*First*—When there is no fraud or oppression on the part of the creditor, and no debt (using the word "debt" in its broadest and least technical sense), there can be no mortgage. (*Hickox* v. *Lowe,* 10 Cal. 206–7; *Robinson* v. *Copsey,* 2 Edwards, 143.)

*Second*—The papers on their face show a sale and contract of re-purchase at the option of the original vendor. That such a contract is not a mortgage; we refer to the following authorities: 19 Wend. 518; 2 Edw. 138; 8 Paige, 543; *Robinson* v. *Copsey,* (6 Paige, 480); *Grimstone* v. *Carter,* (3 Id. 421); *Quirk* v. *Rodman,* (5 Duer, 285.)

*Third*—If one, who is apparently an ordinary vendor, wishes to be allowed to prove in a Court of equity that the deed he made was by parol understanding or agreement to be considered and treated as a mortgage, he must offer to redeem; in other words, he must place himself wholly within the jurisdiction of the Court to settle the whole controversy. The Court will not try the case by piecemeal. It will not interpose by injunction to arrest the action of

ejectment by the vendee unless the vendor will either ten-
der the money in redemption or admit the validity of the
debt, and submit to an order of the Court for a sale of the
premises to pay the debt.   How inequitable would be any
other course!  If the defendant was allowed to set up only
so much of his defence as would defeat or arrest the judg-
ment in the ejectment suit, he might then, when a bill was
filed to foreclose the mortgage, set up the Statute of Limit-
ations or other defence, to defeat that proceeding.   But if
he is compelled to submit the whole case at once, the Court
of equity, before giving him relief, will compel him to ten-
der the money he owes, or at least to consent to a sale of
the premises for the payment of the debt.

In this case nothing of the kind was done, as the Statute
of Limitations will have run long before this case can be
decided; for this Court to hold that the defendant can de-
feat this action without submitting himself to the equity
jurisdiction of the Court, will simply amount to a confisca-
tion of plaintiff's debt.

*J. Chadbourne,* for Respondent.

In order to determine the true character of this transac-
tion, the deed, lease, and parol evidence showing the inten-
tion of the parties, must be taken and read together,
because they are parts and parcels of the same.   *(Pierce* v.
*Robinson,* 3 Cal. 116; *Johnson* v. *Sherman,* 15 Id. 291;
*Cunningham* v. *Hawkins,* 27 Id. 603; *Hopper* v. *Jones,* 29
Id. 19; *Gray* v. *Hamilton,* 33 Id. 686; *Sears* v. *Dixon,* Id.
326; *Lodge* v. *Turman,* 24 Id. 385; *Jackson* v. *Lodge,* 36 Id.
28.)

These authorities clearly establish the right of the par-
ties to make such an arrangement, and authorize the intro-
duction of parol evidence to explain the real character of
the transaction and the intention of the parties; and when
this form or mode is adopted, it is in legal effect a mortgage
and the parties are as completely bound, to all intents and
for all purposes, as they would have been by any other
form of mortgage.

It seems to be too clear to require any argument that the transaction in this case was a mortgage; that there was a debt, and that the deed, and lease and parol agreement were made to secure its payment. This being the case, the plaintiff is expressly prohibited by the statute from maintaining this action to recover the possession of the real property described in the complaint.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and WALLACE, J., concurring:

The defendant being indebted to the plaintiff and other persons in the sum of $2,100, applied to the plaintiff for the loan of that sum, and offered as security, a mortgage of the premises in controversy. The plaintiff refused to take a mortgage, because of the expenses attending a foreclosure, and the transaction was consummated in this manner: The plaintiff advanced to the defendant $1,500, which, with the debt due from the defendant to the plaintiff, amounted to $2,100. The defendant and wife executed to the plaintiff a deed of the premises, and the plaintiff and defendant executed a lease, by which the plaintiff demised the premises to the defendant, for the term of five years, at the annual rent of $378. The lease contained the usual convenant for the payment of the rent, and for the surrender of the possession of the premises at the expiration of the term; and it was further covenanted that if the lessee should, during or at the expiration of the term, pay to the lessor the sum of $2,100, and perform the covenants on his part mentioned in the lease, then the lessor would execute and deliver to the lessee a good and sufficient deed of the premises. The note of the defendant which the plaintiff then held, was at a subsequent time surrendered. No note or contract in writing was made by the defendant for the payment of the $2,100.

The annual rent was paid by the defendant during the term. Two days after the expiration of the term, the sum of $2,100 not having been paid by the defendant, the plaintiff gave the defendant notice to quit, and subsequently

brought this action to recover the possession of the premises. The court found that the plaintiff loaned to the defendant the sum of 2,100 for the period of five years, to bear interest at the rate of one and a half per cent. per month; that the deed and lease were executed to secure the payment of that sum and the interest thereon; and held that the transaction constituted a mortgage, and that therefore the plaintiff was not entitled to recover the possession of the premises.

I shall assume that these facts were correctly found, and shall only notice one of the conclusions of law—that the plaintiff is not entitled to recover the possession of the premises.

In *Jackson* v. *Lodge* (36 Cal.. 28), the question whether an absolute deed, which is shown by parol evidence to have been intended as a mortgage, conveys the legal title to the premises, was discussed at great length, and a majority of the Court answered the question in the negative. I came to the opposite conclusion, and my views met the full concurrence of Mr. Justice Crockett. I do not propose, at this time, to enter again upon the discussion of that question, though the argument might be materially strengthened. Since the decision of that case I have seen nothing which tended to shake my confidence in the conclusion which I then expressed; and I again announce that, in my opinion, an absolute deed does convey the legal title.

Accepting as true the proposition that the deed of the defendant and wife conveyed to the plaintiff the legal title, it necessarily follows, that, upon the expiration of the term of the lease, the plaintiff was entitled to the possession of the lands conveyed, unless the defendant has made out a good equitable defence.

The answer sets up facts, showing that the transaction was a loan and mortgage to secure the payment of the money and interest. The principal sum had become due and remained unpaid. An agreement to extend the time of payment is alleged, but for the want of consideration, it could not be enforced, if it had been proven. The money having become due, it was incumbent on the defendant, if he desired to have the Court declare that in equity the

transaction constituted a mortgage, to offer to redeem. He cannot demand equitable relief, in respect to the contract, while failing to perform his part of it. He should do equity, by offering to redeem, when seeking equity by having the deed declared a mortgage. There is no shadow of doubt in my mind, that equity requires the defendant to pay or tender the money loaned, before he deprives the plaintiff of the right of possession, which flows from the deed and lease and the expiration of the term.

Judgment reversed and cause remanded, with directions to render judgment for the plaintiff, for the possession of the premises sued for.

Mr. Justice SPRAGUE, being disqualified, did not sit in this case.