[No. 13767. In Bank. — March 18, 1891.]

R. E. HYDE, APPELLANT, v. JOHN M. MANGAN ET AL., RESPONDENTS.

EJECTMENT — DEFENSE — EQUITABLE TITLE. — An equitable title to land, entitling the holder to possession in equity, is a sufficient defense to an action of ejectment brought by the holder of the legal title.

ID. — MORTGAGE BY DEED ABSOLUTE — TITLE OF DEFENDANT — PLEADING — DENIAL OF OWNERSHIP — EVIDENCE. — The defendant in an action of ejectment may show, under the denial of the plaintiff's ownership, that the apparent title of the plaintiff consists only of a mortgage by deed absolute in form, given as security for an indebtedness, and that the title is in the defendant.

ID. — VENDOR AND PURCHASER — CONTRACT OF SALE — ASSIGNMENT AS SECURITY — TITLE OBTAINED BY SUBSEQUENT ASSIGNEE. — The obtain-

ing of title from a vendor by a subsequent assignee of an equitable inter-
est arising under a contract of sale, which was originally assigned by
the purchaser as security for indebtedness, will not entitle such assignee
to recover in ejectment against the purchaser in possession, against whom
the vendor would not be entitled to recover.

Id. — Mortgage Debt Barred by Limitation. — The fact that the mort-
gage debt is barred by the statute of limitations is immaterial, and can-
not affect the defense of the purchaser in possession under the contract
of sale to an action of ejectment by the assignee of the mortgage security,
who has obtained title from the vendor.

Bona Fide Purchasers — Assignment of Equitable Interest. — The
assignee of an equitable interest in land is not protected by the rule as
to bona fide purchasers.

Id. — Notice of Equity — Possession of Claimant. — The fact of open,
notorious, and exclusive possession of land by an occupant in possession
under a contract of purchase at the time of purchase and securing of a
conveyance by another vendee from the vendor out of possession, is suffi-
cient to put the latter vendee upon inquiry as to the rights or claims of
the occupant, and a failure so to inquire does not any more entitle him
to be regarded as a purchaser in good faith than if he had so inquired
and ascertained the real claim of the occupant.

Id. — Notice of Character of Assignment. — A subsequent assignee of a
mortgage security is deemed to have notice of the character of the origi-
nal assignment.

Assignment of Mortgage Security — Transfer of Debt. — The assign-
ment of a mortgage security without a transfer of the indebtedness con-
fers no right. The debt and security are inseparable, and the mortgage
alone is not a subject of transfer.

Appeal from a judgment of the Superior Court of
Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Justin Jacobs,* for Appellant.

In an action of ejectment, the legal title must control.
(*Estrada* v. *Murphy,* 19 Cal. 272; *Clark* v. *Lockwood,* 21
Cal. 220; *Emeric* v. *Penniman,* 26 Cal. 120; *Salmon* v.
*Symonds,* 30 Cal. 307; *O'Connell* v. *Dougherty,* 32 Cal. 458;
and *Kentfield* v. *Hayes,* 57 Cal. 411.) In ejectment, where
defendant claims a deed to be intended as a mortgage, but
there is no offer to redeem, the plaintiff should recover.
(*Hughes* v. *Davis,* 40 Cal. 117; *Pico* v. *Gallardo,* 52 Cal.
206; *Montgomery* v. *Spect,* 55 Cal. 352; *Healy* v. *O'Brien,*

66 Cal. 517; *Booth* v. *Hoskins,* 75 Cal. 276; *Van Drach-enfels* v. *Doolittle,* 77 Cal. 296; *Nidever* v. *Ayers,* 83 Cal. 39; *De Cazara* v. *Orena,* 80 Cal. 132; *Castro* v. *Barry,* 79 Cal. 448; *Tripp* v. *Duane,* 74 Cal. 85.)

*Lamberson & Taylor,* for Respondents.

The assignment of the contract to Brownstone was a mortgage of the interest of defendant Mary Mangan in the land, and did not convey the legal title or any right to receive it. (Civ. Code, sec. 2497.) The interest of one who holds an agreement or bond for title, and even the interest of one in possession under a parol contract to purchase, may be mortgaged. (1 Jones on Mortgages, sec. 136; Tiedeman on Real Property, sec. 312; 2 Washburn on Real Property, 3d ed., sec. 6 a.) An assignment of a contract of purchase as security is a mortgage, and where the assignee has completed the payments and taken a conveyance to himself, the relation of the parties remains the same. Under the principle, once a mortage always a mortgage, the transaction retains that character until it is either foreclosed or redeemed. (*Smith* v. *Cremer,* 71 Ill. 185.) The assignment of the contract, being to secure the payment of money, was in fact a mortgage, and did not convey the legal title, or give to the assignee or his successors in interest any right to secure the title to themselves; and if such attempt were made, they did not thereby acquire the legal title. (Civ. Code, secs. 2924–2927; *Cunningham* v. *Hawkins,* 27 Cal. 603; *Montgomery* v. *Spect,* 55 Cal. 352; *Taylor* v. *McLain,* 64 Cal. 513; *Healy* v. *O'Brien,* 66 Cal. 519; *Raynor* v. *Drew,* 72 Cal. 307; *Booth* v. *Hoskins,* 75 Cal. 271; *Smith* v. *Smith,* 80 Cal. 323; *Hall* v. *Arnott,* 80 Cal. 348.) Mary Mangan's contract of mortgage was as a mere surety for her husband, and when Schwartz & Brownstone delivered to her husband the note she had secured, and took from him another note covering the debt, it released her as such surety, and also released her property. (*Spear* v.

*Ward,* 20 Cal. 659; *Hassey* v. *Wilke,* 55 Cal. 525; *Smith* v. *Townsend,* 25 N. Y. 479; 1 Jones on Mortgages, secs. 114–116; *Loomer* v. *Weelwright,* 3 Sand. Ch. 135.) When a person pledges his property as security for the performance of the contract of a third party, the property stands in the position of a surety, and any change in the contract which would discharge a surety will discharge the property pledged as such. (Civ. Code, secs. 2831–2845; *Rowan* v. *Sharp's Rifle Mfg. Co.,* 33 Conn. 19; *Campion* v. *Whitney,* 30 Minn. 179; *Erie Co. Sav. Bank* v. *Roop,* 80 N. Y. 597; *Neimcewicz* v. *Gahn,* 3 Paige, 614.) The possession of the defendants was notice to the plaintiff of their equities, and cast upon him the duty of making diligent inquiries as to their rights, and in case he did not do so, he was in no better condition than if he had made such inquiries and ascertained the full facts in the case. (Wade on Notice, sec. 273, 279; *Hughes* v. *United States,* 4 Wall. 232; *Hunter* v. *Watson,* 12 Cal. 362; 73 Am. Dec. 543; *Woodson* v. *McCune,* 17 Cal. 304; *Bryan* v. *Ramirez,* 8 Cal. 467; 68 Am. Dec. 340; *Havens* v. *Dale,* 18 Cal. 367; *Lestrade* v. *Barth,* 19 Cal. 676; *Dutton* v. *Warschauer,* 21 Cal. 628; 82 Am. Dec. 765; *Danbenspeck* v. *Platt,* 22 Cal. 335; *Landers* v. *Bolton,* 26 Cal. 419; *Killey* v. *Wilson,* 33 Cal. 693; *Pell* v. *McElroy,* 36 Cal. 268; *Talbert* v. *Singleton,* 42 Cal. 395; *Moss* v. *Atkinson,* 44 Cal. 17; *Peasley* v. *McFadden,* 68 Cal. 615.) But the plaintiff, being the purchaser of a contract to purchase an equitable title only, could not avail himself of the rights of an innocent purchaser of the legal title. There has never been any deviation from this rule. (*Taylor* v. *Weston,* 77 Cal. 534.)

GAROUTTE, J. — This is an action of ejectment, the complaint being in the usual form. The answer makes a general denial, and then alleges certain facts in the nature of a special defense. Judgment went for the defendants in the lower court, and the case is before us

for consideration upon an appeal from the judgment, and from the order denying plaintiff's motion for a new trial.

The following are substantially the findings of the court, and they are supported both by the allegations of defendants' special defense and by the evidence: That upon the twentieth day of October, 1879, the Southern Pacific Railroad Company was the owner of a certain tract of land situated in Tulare and Fresno counties, and at said time Mary A. Mangan, who was the wife of J. M. Mangan, entered into a written contract with said company, whereby said company contracted to sell to her said real property for an agreed price; and said Mary A. Mangan at that time from her separate property paid a portion of said purchase price, and agreed to pay the balance on or before the twentieth day of October, 1884, with interest at ten per cent per annum; and upon the payment of said purchase price and interest, said company agreed to execute and deliver to her a deed in fee of said premises; that upon the execution of said agreement, the defendants entered into the possession of said property, and ever since said time have been in the open, notorious, and exclusive possession and occupancy thereof, having valuable improvements thereon, and claiming to own the same; and the plaintiff, prior to his purchase, never made any inquiry from them, or either of them, as to their rights or claims in and to the premises; that about the eighteenth day of September, 1883, defendant Mary A. Mangan assigned her interest in and to the foregoing contract of sale to one Brownstone, to secure a promissory note given by defendant J. M. Mangan to said Brownstone; and said assignment was made with the understanding that said contract should be reassigned to her when said note and interest were paid; that said note was subsequently surrenderd to J. M. Mangan, and he gave a new note to Brownstone for a larger amount ( including the amount of the first note)

without the consent or knowledge of Mary A. Mangan, and no part of said note has been paid; that upon the twenty-second day of November, 1883, Brownstone assigned an undivided one-half interest in said contract to B. Schwartz, and upon February 25, 1888, Brownstone and Schwartz assigned said contract to one Erlanger, who had actual knowledge of the claims and rights of defendants in and to said land; that upon the seventh day of March, 1888, Erlanger assigned said contract to plaintiff, who, upon the fourteenth day of March, 1888, made full payment to said railroad company for said land, surrendered said contract, and received a deed therefor.

The court further found that the assignment of the contract of sale to Brownstone was a mortgage of defendants' interest in the land, and that the possession of defendants was sufficient to put plaintiff on inquiry as to their rights, and having failed to make such inquiry, he is in no better position than if he had done so, and had been fully informed as to the defendants' claims and equities.

The assignment of the contract by Mary A. Mangan was as follows:—

" I, Mary A. Mangan, the within-named purchaser, for and in consideration of the sum of six hundred dollars to me in hand paid, do hereby sell, assign, and transfer all my right, title, interest, and claim in and to the within-described tract or parcel of land, and the within contract No. 759, unto D. Brownstone, his heirs and assigns forever, subject to the stipulations and conditions therein contained, which are to be performed by said D. Brownstone, the assignee.        MARY A. MANGAN.

" September, 18, 1883."

Appellant relies upon two main propositions in this case, either of which, if maintained, he claims would entitle him to recover: 1. That he is the owner and holder of the legal title to the premises, and in an action

of ejectment, the legal title must control; 2. If the assignment of the contract were to be held to be a mortgage, the debt for which it was given being barred, defendants are entitled to no consideration without offering to redeem.

The first proposition, that "in an action of ejectment the legal title must control," is not the law of this state. The case of *Willis* v. *Wozencraft*, 22 Cal. 615, decides: "A mere equitable title to land, if it is of such a character as entitles the holder to possession in equity, is a sufficient defense under our system of practice to an action for the possession, brought even by the holder of the legal title. (*Central Pacific R. R. Co.* v. *Mudd*, 59 Cal. 585; *Whittier* v. *Stege*, 61 Cal. 238; *Hicks* v. *Lovell*, 64 Cal. 17; 49 Am. Rep. 679.)

As to the second proposition contended for by appellant, there is a line of authorities which supports such contention. (*Hughes* v. *Davis*, 40 Cal. 120; *Bruck* v. *Tucker*, 42 Cal. 352; *Pico* v. *Gallardo*, 52 Cal. 206.) This proposition of law as laid down in the cases just cited is based upon another principle of law, established for the first time in this state in *Hughes* v. *Davis*, 40 Cal. 120, and which has since been discarded by section 2925 of the Civil Code. This principle as announced by the court was, "that an absolute deed which is shown by parol evidence to have been intended as a mortgage conveys the legal title to the property." And our attention has not been directed to any authority since this principle ceased to be the law of this state which has held to the doctrine laid down in those cases; but upon the contrary, the later decisions of this court hold that under the general issue the defendant may be allowed to show that the deed by which the plaintiff claims title is a mortgage, and therefore gives him no title.

In the case of *Healy* v. *O'Brien*, 66 Cal. 519, the language of the opinion is: "But when the court found that the deed was given only as security for money loaned,

it found in effect that it was but a mortgage, and did not pass the legal title to plaintiff. If, therefore, defendants had rested only on their denial of plaintiff's alleged ownership of the property, judgment must have passed for the defendants."

In the case of *Smith* v. *Smith*, 80 Cal. 329, the court says: "The plaintiff contends that his motion to proceed first with the trial of the affirmative defense set up by the answer should have been granted, for the reason that it was an equitable defense, and that the whole judgment should have been reversed upon this ground." That affirmative defense was, "that the deed of 1876 was a mortgage, and that the debt secured thereby had been fully paid." *But the allegation that the deed was a mortgage was merely another way of saying that the plaintiff had no title, which was fully covered by the denial of plaintiff's ownership.* And so far as the plaintiff's right of possession was concerned, it was immaterial whether the debt *had been paid or not.* And while it may be possible that if the defendant had a title he would have been entitled to some affirmative relief in the nature of the removal of a cloud, yet he did not ask for such relief in terms, and no affirmative relief of any kind was awarded to him by the judgment." (See *Roberts* v. *Columbet*, 63 Cal. 25.)

In the case at bar, the defendants have not relied upon the general issue simply; but by a special defense, not seeking any affirmative relief, have attacked the title of plaintiff, and set out a history of their own title and right of possession; this special defense counsel for the plaintiff did not see fit to attack in the lower court, and indeed it cannot be discerned upon what grounds an attack could have been successfully made.

The plaintiff came into court in this action with full notice of all the rights and equities existing between the railroad company and the defendants, and between Brownstone and his assignees and the defendants; for the defendants were in the open, notorious, and exclusive

possession of this land at all these times, and plaintiff made no inquiry to ascertain the rights or claims of defendants, and he is in no better position, and no more entitled to be regarded as a purchaser in good faith than if he had so inquired and ascertained the real facts of the case. (*Pell* v. *McElroy*, 36 Cal. 268; *Bank of Mendocino* v. *Baker*, 82 Cal. 114; *Scheerer* v. *Cuddy*, 85 Cal. 273.)   Neither could the plaintiff be recognized as a *bona fide* purchaser from his assignor, Erlanger, upon the additional ground that in the sale of equitable interests the principle of *bona fide* purchasers has no standing. (*Taylor* v. *Weston*, 77 Cal. 534.)

The transfer of Mary A. Mangan's interest in the land (by the assignment of the contract to Brownstone) being a mortgage, Brownstone took no title, and his assignment to Erlanger, who assigned to plaintiff, gave the plaintiff no title, for, as we have already seen, he is deemed to have had notice of the character of the original assignment.   The plaintiff does not even occupy the position of Brownstone, for he has an assignment of the security without the transfer of the indebtedness.   The debt and security are inseparable; the mortgage alone is not a subject of transfer. (Civ. Code, sec. 2936; *Peters* v. *Jamestown Bridge Co.*, 5 Cal. 334; 63 Am. Dec. 134; *Nagle* v. *Macy*, 9 Cal. 426.)   Conceding that under the assignment of Mary A. Mangan to Brownstone, she authorized him to procure from the railroad company the legal title, yet it is a matter of very serious doubt whether under the assignment Brownstone had the right to delegate that power to another; but that is a question unnecessary to decide.   If we regard the plaintiff as the assignee of the railroad company, he then purchased the legal title subject to the equitable title of the defendants under the contract, and his legal rights in maintaining this action are identical with those of his assignor; and under the facts as disclosed by the record in this case, the railroad company could not prevail in this action.

The record discloses that the defendants went into possession under the contract; paid a portion of the purchase price; paid the taxes and annual installments of interest for years. The plaintiff before suit made no demand for possession; there is no proof in the case of any special facts tending to show either an active or constructive ouster of the plaintiff; nor is there any evidence tending to show a demand and refusal to pay the purchase price or any installment of interest after it became due, or that the railroad company had not given the defendants additional time in which to make the final payment, or that the defendants had abandoned the purchase or refused to complete it according to the terms of the contract. There is nothing to indicate that the defendants were in default in the performance of the contract, and being rightfully in possession under their equitable title, they could not be disturbed, even by the holder of the legal title.

Let the judgment and order be affirmed.

HARRISON, J., McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and DE HAVEN, J., concurred.