W. J. CONNELL, APPELLEE, V. ELIZABETH GALLIGHER, APPELLANT.

FILED MARCH 21, 1894.  No. 4780.

1. **Deeds**: FAILURE TO ACKNOWLEDGE AND RECORD: TITLE: SHERIFFS' DEEDS. The grantee in a deed of real estate acquires the legal title thereto on the execution and delivery to him of such deed, though said deed·be neither acknowledged nor recorded and be afterwards lost; and a sheriff's deed, made in pursuance of a levy upon, and sale of, such real estate to satisfy a judgment against such grantee, will pass the legal title of such real estate to the grantee in such sheriff's deed.

2. **Quieting Title**: ADMISSIBILITY OF DECREE IN EVIDENCE. G. S. executed and delivered a warranty deed to G. J. for certain real estate. The deed was neither acknowledged nor recorded and was afterwards lost. The real estate was then levied upon and sold by a judgment creditor of G. J., and the purchaser thereof, in a suit in equity against the heirs of G. S., obtained a decree establishing the fact of the execution, delivery, and loss of the deed of conveyance made by their ancestors. After the sale of said real estate on execution, G. J. conveyed the premises to the defendant. In a suit to quiet the title brought by the purchaser at the said sheriff's sale against the defendant, *held*, that the decree in equity, establishing the execution, delivery, and loss of the deed made by G. S. to G. J., was competent evidence.

REHEARING of case reported in 36 Neb., 749.

*Gregory, Day & Day* and *George M. O'Brien,* for appellant:

Judgments and decrees cannot bind strangers to the record, but only parties and privies. (*Sock v. Suba,* 31 Neb., 228; *O'Brien v. Gaslin,* 24 Neb., 559; *State v. Sioux City & P. R. Co.,* 7 Neb., 357.)

No judgment or decree is admissible in proof of title when the parties against whom it is offered were in possession at the time of the commencement of such suit. (*Graves v. Ewart,* 11 S. W. Rep. [Mo.], 971; *Weed Sewing Machine Co. v. Baker,* 40 Fed. Rep., 56; *Orthwein v. Thomas,* 21 N. E. Rep. [Ill.], 430.)

*Connell & Ives, contra:*

The appellee contends that the decree and the deed are admissible as necessary links in his chain of title, and are of the same effect as a voluntary deed from the Graeter heirs. (1 Greenleaf, Evidence, secs. 538, 539; Freeman, Judgments, sec. 416; Van Fleet, Collateral Attack, sec. 12; *Barr v. Gratz,* 4 Wheat. [U. S.], 213; *Buckingham v. Hanna,* 2 O. St., 551; *Baylor's Lessee v. Dejarnette,* 13 Gratt. [Va.], 152; *Den v. Hamilton,* 12 N. J. Law, 109; *Key v. Dent,* 14 Md., 86; *Barney v. Patterson's Lessee,* 6 Har. & J. [Md.], 182; *Secrist v. Green,* 3 Wall. [U. S.] 751; *Freydendall v. Baldwin,* 103 Ill., 325; *Lathrop v. American Emigrant Co.,* 41 Ia., 349.)

RAGAN, C.

This is a suit in ejectment brought in the district court of Douglas county by Connell against Galligher, who set up an equitable defense in that court to Connell's action, and on her motion the case was transferred to the equity docket. The district court rendered a decree in favor of Connell, quieting and confirming in him the title to the

property in controversy, and Mrs. Galligher brought the case here on appeal. This court rendered a decree affirming that of the district court. The opinion will be found in *Connell v. Galligher*, 36 Neb., 749. Mrs. Galligher then filed a motion for a rehearing of the case, suggesting that we had overlooked and misapplied the law; and on this suggestion a rehearing was accordingly granted her. We have again read all the testimony and examined all the arguments and authorities made and cited by the counsel on both sides of the case, and are constrained to say that we are entirely satisfied with the reasoning and conclusion reached by us in the case on the first hearing.

1. The learned counsel for appellant, if we correctly understand their position, insist that our error in the former opinion of the case consists in a misunderstanding and a misapplication of the law as to two points. Graeter, Sr., at one time owned the premises in controversy. He conveyed these premises by an absolute deed to one Graeter, Jr. This deed was defectively executed, never recorded, and was lost. After the conveyance had been made to Graeter, Jr., a judgment was recovered against him, execution issued thereon, and the sheriff levied upon and sold the premises as the property of Graeter, Jr. Connell claims under the sheriff's deed made in pursuance of that sale. It seems to be the contention of the counsel who represent appellant that this deed, either because it was so defectively acknowledged as not to be entitled to record, and was not, therefore, recorded, or because the deed was not recorded and was lost, that Graeter, Jr., took only an equitable estate in the premises in controversy, and that, therefore, the legal title did not pass to Connell's grantor by virtue of the levy upon and sale of the premises by the sheriff. We do not understand that the deed is the legal title, but simply the evidence of the legal title. We do not understand that Graeter, Jr., lost his title to this real estate simply because he lost his deed. As we have al-

ready said in the reported opinion in this case, we think that by the conveyance of Graeter, Sr., to Graeter, Jr., the latter acquires the legal title to the premises even though the deed was never acknowledged nor recorded and was lost. But there is another thing to be said of this point. Appellant herself claims title to these premises through Graeter, Jr. Now, if he had sufficient title to the premises, notwithstanding his deed therefor was lost and never recorded, to convey to the appellant the legal title of the premises, it seems to us an absurdity to say that he did not have such a legal title as could be levied upon and sold on execution.

2. The second contention of appellant's counsel is that the district court erred in permitting Connell to introduce in evidence on the trial of this case in the district court a certain decree in a case brought by him as complainant against the heirs of Graeter, Sr., as defendants. It appears that Connell, before this suit was tried, brought a suit in equity in the district court of Douglas county against the heirs of Graeter, Sr. In that suit Connell alleged that the parties made defendants were the heirs of Graeter, Sr.; that he, in his lifetime, had sold and conveyed the premises in controversy to one Graeter, Jr., and that such deed had been lost and never recorded; that he, Connell, had become possessed of Graeter, Jr.'s, title and interest in the premises conveyed by said lost deed, and he prayed that the heirs made defendants might be by the court decreed to execute to him a proper deed of conveyance to take the place of the lost deed. On the trial of this cause the district court found and decreed that the allegations in Connell's petition were true, and that he was entitled to a deed of conveyance of the premises from the heirs of Graeter, Sr. On the trial of the case at bar in the district court Connell offered in evidence, as a link in his chain of title, this decree rendered in the case brought against the heirs of Graeter, Sr. Counsel for the appellant now insist that

this ruling of the district court in permitting this decree to go in evidence was error. Counsel say that their client was neither a party, nor privy to a party, to that suit, and that therefore the decree does not bind her. They further say that this suit by Connell was in effect an action to quiet his title to the premises, and that the appellant was a proper and necessary party to such action. The end and the object of the suit brought by Connell against the heirs of Graeter, Sr., was not an action to quiet the title of the premises in Connell as against any one but the heirs of Graeter, Sr. The object of that action was to establish by decree of court that Graeter, Sr., in his lifetime, had sold and conveyed to Graeter, Jr., the premises in controversy. To this action appellant was not a necessary party. She does not claim title to these premises either from Graeter, Sr., or his heirs. Again, the only effect of this decree, as evidence in the case at bar, was to make Connell's chain of title to the premises complete as against the heirs of Graeter, Sr. It did not estop or attempt to estop appellant. But we are unable to understand why the appellant should object to the introduction in evidence of this decree. This decree established the fact that Graeter, Sr., did convey the property in controversy to Graeter, Jr.; that is to say, it established that the conveyance from Graeter, Sr., to Graeter, Jr., alleged to be lost, was in fact made and had been lost. The appellant herself claims title from Graeter, Jr., and her claim of title is based on this lost conveyance. In no view of the case was the appellant prejudiced by the ruling of the trial court in permitting the decree in the case of Connell against the heirs of Graeter, Sr., to be read in evidence.

It would subserve no useful purpose to continue the discussion of this case further. We have already devoted to it more time and attention than we should, considering the large number of cases in this court that have had no consideration whatever. We are all of the opinion that the

judgment of the district court was right and its judgment must stand affirmed, and it is so ordered.

AFFIRMED.

POST, J., and IRVINE, C., not sitting.