Shoemaker v. Harvey.

WALTER SHOEMAKER ET AL., APPELLEES, V. C. W. HARVEY, IMPLEADED WITH DAKOTA LOAN & MORTGAGE COMPANY, REORGANIZED AS THE GLOBE INVESTMENT COMPANY, APPELLANT.

FILED DECEMBER 5, 1894.    No. 5362.

1. Attachment on Land: LEVY: POSTING COPY. A levy of an order of attachment on real property by posting a copy thereof is not effective as against third parties, when there is an occupant of such property.

2. ———: LEVY UPON EQUITABLE INTEREST. If there is no possession of real property by an attachment defendant having an equitable interest therein, no valid levy and sale can be made upon such equitable interest, neither can it under such circumstances be subjected otherwise than by invoking the aid of a court of chancery. Following *Dworak v. More*, 25 Neb., 735.

APPEAL from the district court of Madison county. Heard below before POWERS, J.

*Robertson, Wigton & Whitham,* and *N. D. Jackson,* for appellant.

*Lewis & Holmes, contra.*

RYAN, C.

This action was brought in the district court of Madison county by the Stillwater Lumber Company and the firm of Walter Shoemaker & Co. to subject to the payment of a judgment held by each of them against C. W. Harvey & Co. a half section of land which it was alleged said firm had disposed of in fraud of the rights of said judgment plaintiffs. A description of this land will hereinafter appear in the sheriff's return, and need not now be given. Neither is it necessary to describe the particular estates conveyed, further than to say that the entire title was vested in Augusta Harvey, a sister of C. W. Harvey, and Mary Metzger, who claimed through a conveyance from her daughter, Mary Harvey, wife of C. W. Harvey. These parties have not appealed, and the title they held is referred to simply to explain the manner in which were derived the rights of the Dakota Loan & Mortgage Company. On April 29, 1887, while title was in Augusta Harvey and Mary Metzger, an order of attachment was issued out of the office of the clerk of the aforesaid district court in the case wherein Walter Shoemaker & Co. were plaintiffs against C. W. Harvey & Co. On the 14th of May, 1887, there was issued by the same clerk an order of attachment against C. W. Harvey & Co. in favor of the Stillwater Lumber Company. The date of levy of the order last referred to was May 18, 1887, that of the first named was April 30 of the same year. The question which we shall consider arises on both returns, and as they are similar in

every respect, except that of date and names of parties plaintiff, it will be sufficient for our purpose to quote the sheriff's return of the first levy made.    It was as follows:

"April 29, 1887.    Received this order, and according to the command thereof, I did, on the 30th day of April, 1887, at 2 o'clock P. M., in the presence of W. H. Lowe and F. E. Hardy, two residents of Madison county, attach the following real estate, to-wit: The north half ($\frac{1}{2}$) of section No. twenty-one (21), township twenty-three (23) north, range three (3) west of the sixth principal meridian, in Madison county, Nebraska.    And after administering an oath to said W. H. Lowe and F. E. Hardy to make a true inventory and appraisement of said property in writing, I then with them made an inventory and appraisement of said property, which is herewith returned.    I also on said day posted a certified copy of the order in a conspicuous place upon said lands.    After diligent search, I cannot find the within named C. W. Harvey & Co. in Madison county, Nebraska.              GEO. DAVIS,
*" Sheriff."*

On the 3d day of May, 1887, Mary Metzger and her husband made to the Dakota Loan & Mortgage Company a mortgage on the real estate which had been conveyed to Mary Metzger.    Augusta Harvey mortgaged her estate in the property sought to be subjected on the same day, and to the same company as did Mary Metzger.    The two mortgages were filed for record May 9, 1887.    There were other mortgages made contemporaneously with those above described, and filed so soon afterward that they are governed by the same rules as are applicable to those above described, accordingly no separate mention of them will be . made, for their priority as against the plaintiffs in this action will be understood to be the same as that of those above distinctly mentioned.    From that part of the decree which postponed the above mortgages to the rights of the two judgment creditors above named the Dakota Loan & Mort-

gage Company, reorgan‍ized as the Globe Investment Company, appeals.

There was no evidence of any knowledge on the part of this mortgage company of any intent of the mortgagors to hinder or defeat creditors of C. W. Harvey & Co. in the collection of ·claims, much less did this mortgagee contribute intentionally to the consummation of such a design. The relative priority in right of the plaintiffs on the one hand, and of the mortgage company on the other, therefore depends upon the application of legal principles to undisputed facts. The return of the sheriff was of a levy of attachment on the land prior in point of time to the giving of the mortgages. In so far as third parties are chargeable with notice of a levy of the nature of that recited in the sheriff's return, section 205 of our Code of Civil Procedure provides: "Where the property attached is real property, the officer shall leave with the occupant thereof, or if there be no occupant, in a conspicuous place thereon, a copy of the order." In his return the sheriff failed to state whether or not there was an occupant of the land levied upon. If in fact there was an occupant, the posting of a copy of the order on the premises subserved no purpose. To sustain this as sufficient it must be assumed that no person was in possession. In other words, that there was no occupant. It is not to be understood that to show that jurisdiction has attached any such presumption is to be entertained, for we do not consider that question. For the sake of the argument merely, let it be assumed that the premises levied upon were without an occupant. In that event the mode of giving notice of the levy, as was done, would be open to no objection, but the levy itself would be of no validity, for the reasons which we shall now briefly state. The attachments were issued against the property of C. W. Harvey & Co. The levy was, of course, only upon the interest which that firm had in the real property. The legal title was in Augusta Harvey and Mary Metzger, the

interest held by C. W. Harvey & Co. could not, therefore, have been more than a mere equitable interest. A levy and sale could be made on such an interest only, when it was coupled with possession of the real property to be levied upon. If there was only an equitable interest held by the defendant, the property could be subjected only by equitable proceedings brought for that purpose. (*Rosenfield v. Chada*, 12 Neb., 25; *Nessler v. Neher*, 18 Neb., 649; *Connell v. Galligher*, 36 Neb., 749, 39 Neb., 793; *Dworak v. More*, 25 Neb., 735.) In the case last cited the following language was used: "Under our statute a levy of an ordinary execution, upon an equitable interest in real estate, unless the debtor is in possession, will not pass the title of such real estate, as such execution can be levied only on a legal interest. (Code, sec. 477.) If a creditor desires to reach an equity, he may, upon the return of an execution unsatisfied, invoke the aid of a court of chancery to obtain equitable relief." From these considerations it unavoidably results that the rights of the mortgagee were superior to those of the creditors of C. W. Harvey & Co., based upon the alleged levy of the orders of attachment. To the extent that the district court held otherwise, its judgment is reversed and the cause is remanded for further proceedings.

REVERSED.