FIRST NATIONAL BANK OF PLATTSMOUTH ET AL., APPELLEES, v. WILLIAM TIGHE ET AL., APPELLANTS.

FILED OCTOBER 7, 1896.  No. 6846.

1. **Deeds as Mortgages: TITLE: RIGHTS OF GRANTOR.** The legal title to real estate is vested in the grantee by a deed thereof absolute in form and import of its terms, executed by a competent grantor, although such instrument may be in fact a mortgage, or given as security for the payment of the debt of the grantor to the grantee. There remains in the maker of the conveyance but the right to demand, on payment of the indebtedness so secured, and receive, a reconveyance of the title, and in order that he may be again invested with the title to the property a reconveyance is necessary.

2. **Judgment Liens.** A judgment in the district court is not a lien upon the judgment debtor's equitable interest in real estate. (*Nessler v. Neher*, 18 Neb., 649.)

3. **Executions: LIEN ON EQUITABLE INTEREST IN LAND.** The equitable interest of a judgment debtor, if not coupled with possession, cannot be subjected to the payment of the debt by levy of execution thereon and sale under such levy. To make it available for such purpose the aid of the courts must be invoked by proper proceedings. (*Shoemaker v. Harvey*, 43 Neb., 75.)

APPEAL from the district court of Cass county.    Heard below before CHAPMAN, J.

*E. H. Wooley*, for appellants.

*Beeson & Root, contra.*

HARRISON, J.

This action was instituted in the district court of Cass county by the plaintiffs to obtain an injunction restrain-

ing the defendants from selling or causing to be sold under the levy of a writ of execution certain real estate specifically described in the petition filed. In the pleading presented on the part of plaintiffs there was alleged the existence of the First National Bank of Plattsmouth as a corporation organized under the laws of the United States; that the defendant William Tighe was the duly elected, qualified, and acting sheriff of Cass county; that on or about the 1st day of March, 1886, one William R. Murray was indebted to the bank and conveyed to it in satisfaction of the indebtedness a quarter section of land situated in Cass county and the continued ownership of the land by the bank from then until the month of March, 1892, at which time it was stated to have been sold to Ed. A. Oliver and Fred Ramge, co-plaintiffs in the suit; the payment by them of the purchase money in cash, their entry into possession of the land, and the retention of the title in the bank as security for the deferred payment of the balance of the amount of the purchase price. It was further pleaded that at the May, 1890, term of the district court in and for Cass county William Porter obtained a judgment against William R. Murray in the sum of $2,841.44 and costs, and on November 10, 1892, Porter assigned to Calvin H. Parmele, his co-defendant in this action, a one-half interest in the judgment, and that they caused an execution to issue for the enforcement of the judgment, which writ was delivered to the sheriff, William Tighe, for service and by him levied upon the aforesaid land as the property of William R. Murray. It was also pleaded that a sale was threatened to be, and would be, made under the levy of the execution, unless restrained by the order of the court, and the lack of any adequate remedy at law. The prayer was for a temporary order of injunction to restrain the defendants from proceeding under the levy, or in the enforcement of the judgment against the particular real estate involved, and that on the final hearing such order should be made perpetual. The amended answer of defendant, the one

to be considered at this time, contained admissions of
the allegations of the petition as to the corporate char-
acter of the bank; that defendant Tighe was sheriff of
the county, the recovery of the judgment by Porter
against Murray, the assignment of the one-half interest
therein to Parmele, the issuance of the execution thereon,
and its delivery to the sheriff and levy by him on the
lands as belonging to the judgment debtor, Murray, and
the proposed sale thereunder; that the bank had received
a conveyance of the land in form and terms absolute, but
alleged it was in truth and in fact a mortgage, was given
as security for the payment of a loan of money by the
bank to Murray, and that at the time of its execution and
delivery the grantor had received from the bank a de-
feasance; that the conveyance to the bank remained as
just indicated until March 19, 1892, at which time Mur-
ray executed and delivered to the bank a deed of quit-
claim of the said land. It was further pleaded in the
amended answer that in a prior action by William R.
Murray and the bank, plaintiff in this case, against Will-
iam B. Porter, Deborah H. Porter, Jane R. Porter, and
others it had been alleged in the pleading therein filed by
the bank that the first conveyance to it by Murray was
in effect a mortgage; that the judgment debtor remained
in the actual possession of the land, and had the exclu-
sive use and control thereof, up to the time he made the
deed of quitclaim to the bank. There was also a denial
of each and every allegation of the petition not specif-
ically admitted in the answer. To the amended answer
the plaintiffs interposed a general demurrer, which, on
hearing, was sustained. The defendants elected to stand
upon their amended answer and to plead no further, and
judgment was rendered in favor of plaintiffs.

The apellants complain of the ruling of the trial judge
sustaining the demurrer to the answer, and the resulting
judgment. It was admitted by the answer that the land
had been conveyed to the bank by a deed absolute in
form and terms. Such a conveyance, though in fact

made as security for a debt, transfers to the grantee the legal title to the real estate embraced in the instrument of conveyance. All that remains in the grantor is the right, on full payment of the debt, to demand and receive a reconveyance of the title to the property, and a reconveyance is necessary. (*Gallagher v. Giddings*, 33 Neb., 222; *Baird v. Kirtland*, 8 O., 21; *Hughes v. Davis*, 40 Cal., 117; 1 Jones, Mortgages, sec. 339; *Kemper v. Campbell*, 44 O. St., 210; *Loring v. Melendy*, 11 O., 355.) The right or interest remaining in Murray, the grantor and also the judgment debtor, was merely an equitable one, and the judgment rendered subsequent to the conveyance to the bank did not become a lien on it. "A judgment in the district court is not a lien upon an equitable interest in real estate of the debtor." (*Nessler v. Neher*, 18 Neb., 649, and cases cited.) It appears from the allegations of both petition and answer that at the time of the levy of the writ of execution the judgment debtor was not in possession of the land and had conveyed his interest to the bank by quitclaim deed, hence he had no further right in the land, either legal or equitable, and if the quitclaim deed had not been made, the equitable interest, without possession, could not have been made the subject of a successful levy of an execution. It could only have been made available for the payment of the judgment through the aid of a proceeding in court for that purpose. (*Shoemaker v. Harvey*, 43 Neb., 75, and cases cited; *Loring v. Melendy*, 11 O., 355; *Morris v. Way*, 16 O., 469; *Kemper v. Campbell*, 44 O. St., 210.)

The foregoing conclusions render it unnecessary to examine any of the other questions discussed in the brief of appellants, and it follows that the judgment of the district court must be

AFFIRMED.