[S. F. No. 3871.   Department One.—March 1, 1907.]

## JOHN P. DOHERTY, Respondent, v. HANORA COURTNEY, Appellant.

EJECTMENT AGAINST TENANT OF ADMINISTRATOR—DEFENSE.—A defendant in ejectment, claiming the right to the possession of the land sued for as the tenant of the administrator of a deceased prior owner, may set up any defense which the administrator could have urged to the action.

ID.—EQUITABLE TITLE AS DEFENSE IN EJECTMENT—RIGHT OF POSSESSION.—Under the California system of procedure, where legal and equitable remedies are administered in the same tribunal, and there are no special forms of action, a defendant may set up by way of equitable defense any matter which would, if presented by him as the basis of an original bill in equity, have entitled him to a judgment for the relief sought by his answer. This rule entitles the owner of a mere equitable title to land, if it is of such a character as entitles him to possession in equity, to set it up as a sufficient defense to an action for the possession, brought even by the holder of the legal title.

ID.—REPRESENTATIVE MAY ATTACK DEED MADE BY DECEDENT—UNDUE INFLUENCE.—In this state, an administrator or executor may maintain an action to set aside a deed made by his intestate or testator on the ground of undue influence exercised by the grantee; and a tenant of the administrator, if sued for the possession by a *mala fides* purchaser from such grantee, may set up as a defense that the deed was obtained by undue influence.

ID.—EVIDENCE OF MENTAL CONDITION OF DECEDENT—WANT OF CONSIDERATION.—In an action by a purchaser from the grantee under such

deed, to recover possession of the land from a tenant of the administrator in which the answer alleged that the decedent at the time of making the deed was ''much impaired and weakened in mind and body, and incapable of properly taking care of property or property interests,'' evidence is admissible as to the mental condition of the decedent at the date of the execution of the deed, and to show that the plaintiff had paid no consideration for the deed to him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, and Jackson Hatch, for Appellant.

J. B. Carson, and Riordan & Lande, for Respondent.

SLOSS, J.—Action of ejectment, in which plaintiff recovered judgment. The defendant appeals from the judgment and brings the case up on the judgment-roll and a bill of exceptions.

Both parties claim under Catherine Black, who died some months before the commencement of this action. Plaintiff claims under a deed alleged to have been made by Catherine Black to John Pius Murphy on April 11, 1898, and a deed from John Pius Murphy dated March 18, 1902. The defendant claimed the right to possession as tenant of the administrator of Catherine Black's estate. By way of defense, the answer pleaded, among other things, that John Pius Murphy had procured the making of the deed by Catherine Black through undue influence exerted by him upon her, and in this behalf alleged more particularly that at the time of the execution of the conveyance of April 11, 1898, Catherine Black was advanced in years ''and much impaired and weakened in mind and body, and incapable of properly taking care of property or property interests''; that at that time the said John Pius Murphy was the spiritual adviser of Catherine Black, and as such had acquired and possessed great influence over her; that without any consideration therefor, said John Pius Murphy, with the intent of depriv-

ing the legatees and devisees of said Catherine Black of their natural inheritance, and by reason of his influence over her, caused her to execute the deed to him. The answer further alleged that the deed from John Pius Murphy to the plaintiff was without consideration.

At the trial the plaintiff made out a *prima facie* case. The defendant, being called as witness on her own behalf, testified that she was the sister of Catherine Black, had been living on the premises with her sister until the latter's death, and that she had continued to live there ever since. She was then asked the following question: "What was the condition of your sister's mind on the 11th day of April, 1898?" This question was objected to upon the ground that it was immaterial, irrelevant, and incompetent, and on the further ground "that she claims to hold the possession of the property as the tenant of the administrator of the estate of Catherine Black, who has no standing in court either for the prosecution of an action as against these deeds, or as a defendant in this action." The court sustained the objection, taking the view that the administrator (or the defendant claiming under such administrator) had no standing to attack a deed made by the decedent upon the ground set up in the answer; that such attack could be made only by an heir or devisee of the decedent.

We think this ruling was clearly erroneous. The defendant, claiming the right to possession as tenant of the administrator, was entitled to set up any defense which the administrator could have urged to the action. Under our system of procedure, where legal and equitable remedies are administered in the same tribunal and there are no special forms of action, a defendant may set up by way of equitable defense any matter which would, if presented by him as the basis of an original bill in equity, have entitled him to a judgment for the relief sought by his answer. The rule has repeatedly been applied to actions of the character of the present one. In *Willis* v. *Wozencraft,* 22 Cal. 607, this court said: "A mere equitable title to land, if it is of such a character as entitles the holder to possession in equity, is a sufficient defense under our system of practice to an action for the possession, brought even by the holder of the legal title." (See, also, *Whittier* v. *Stege,* 61 Cal. 238; *Hicks* v. *Lovell,* 64 Cal. 17,

[49 Am. Rep. 679, 27 Pac. 942]; *Hyde* v. *Mangan*, 88 Cal. 319, [26 Pac. 180].)

Coming to the particular ground upon which the court below based its ruling, it is now no longer open to question that in this state an administrator or executor may maintain an action to set aside a deed made by his intestate or testator on the ground of undue influence exercised by the grantee. The question was fully discussed in *Collins* v. *O'Laverty*, 136 Cal. 31, [68 Pac. 327], in which the court said: "The sole test of the administrator's right of action is the right of the estate to the possession of the property. If the right exists then the right of action exists; and it will make no difference if, in order to recover property to the possession of which the estate is entitled, it should become necessary to cancel a voidable deed, or otherwise—according to the equity practice—to dispose of an outstanding legal title." It follows that the defendant was entitled to offer evidence in support of the allegations of her affirmative defense above set forth. One of these allegations was that the decedent at the time of executing the deed was "much impaired and weakened in mind and body, and incapable of properly taking care of property or property interests." The question asked the defendant was relevant to the issue thus raised, and was not open to any of the objections made to it. It is not claimed, and could hardly be, that the defendant, who had testified that she was the sister of the decedent and had been living with her, was not competent, under section 1870 of the Code of Civil Procedure, to give her opinion respecting the mental condition of Mrs. Black. The effect of the ruling was to deprive the defendant of all opportunity of proving matters set up by her in her answer, which, as we have seen, would, if established, have been a good defense to the action.

The court also excluded evidence tending to show that the plaintiff had paid no consideration for the deed to him, and was holding merely as a representative of Father Murphy. This evidence should have been admitted. The defendant was entitled to show that the property in the hands of the plaintiff was subject to any infirmity attaching to the title of his grantor.

In view of the conclusion reached, the other points made by the appellant do not require consideration.

CL Cal.—39

The judgment is reversed and the cause remanded for a new trial.

Angellotti, J., and Shaw, J., concurred.