JAMES C. WOODWARD, APPELLANT, V. CAROLYN D. WOODWARD, APPELLEE.

FILED APRIL 24, 1911. No. 16,413.

1. **Trusts:** RESULTING TRUST: HUSBAND AND WIFE. Where, upon a purchase of real estate, the legal title is taken in the name of a woman, while the consideration or part of it is paid by her husband, but not by way of a gift or a loan to her, a resulting trust immediately arises from the transaction, unless it would be a fraud to enforce that trust, and the wife will hold the title in trust for her husband to the extent that he paid the purchase price of the property.

2. ———: ———: ———. And if part of the purchase price is evidenced by the husband's note secured by a mortgage upon the real estate, which he subsequently pays, the note should be considered as a part payment made at the time it was executed, and to that extent will enlarge his estate.

3. ———: ———: ———. The fact that the property was purchased upon an express oral agreement of the wife to hold it, or any part thereof, in trust for him does not destroy the trust arising from the transaction, but should be considered as tending to rebut the presumption that the money was paid as a settlement upon her.

4. ———: ———: ENFORCEMENT: SUPPLEMENTAL PLEADINGS. If, pending litigation between the husband and wife, she is divorced and secures a judgment for alimony, the fact may be pleaded by supplemental answer, and the court should impress the trust estate with a lien to satisfy the judgment, unless other equitable considerations intervene to defeat that relief.

APPEAL from the district court for Polk county: GEORGE F. CORCORAN, JUDGE. *Reversed with directions.*

*Mills, Mills & Beebe* and *Hastings & Coufal,* for appellant.

*Matt Miller* and *J. B. Pospisil, contra.*

ROOT, J.

This is an action to establish a trust in real estate. The defendant prevailed, and the plaintiff appeals.

The parties were formerly husband and wife, but that relation ceased after this action was commenced. The plaintiff pleads the purchase in sucession of three tracts of real estate, and that the legal title thereto was vested in the defendant upon an agreement on her part to hold the title in trust for him to the extent that he contributed to the purchase price; that the last tract, which is the subject of this litigation, cost $3,200, and that he contributed $1,500 to the purchase price and expended $250 in improving the premises. The answer is in the nature of a general denial.

Counsel for plaintiff insist that this pleading contains a negative pregnant which admits the contract, but we are satisfied that the litigants and the trial court considered those allegations as traversed by the answer, and we shall so construe the pleading. If any agreement were made, it was oral, and it is not contended that by any act of the parties that agreement has been taken out of the statute of frauds. Plaintiff's counsel concede that their client's case must stand or fall upon the law with respect to resulting trusts.

We do not think the evidence justifies a finding that the plaintiff paid any part of the purchase price of the lots first bought, although he expended considerable money in repairing and beautifying the property. The proceeds of the sale of this property eventually were in-

vested in the second tract herein referred to; the contract for this property was made in the plaintiff's name, but the deed which was subsequently executed is to the defendant. The proof is satisfactory that the plaintiff paid $300 of the first payment upon this property, and that he subsequently paid $300 of the incumbrance thereon, which was evidenced by a note signed by the plaintiff, as well as by the defendant. This property was also sold, and the proceeds were invested in the property involved in this litigation.

The proof satisfies us that the plaintiff paid $200 on the first payment made on this property. The plaintiff also contends that he expended money for repairing and improving this property, but the amount thus expended is not satisfactorily established by the evidence, nor would it be material for the purpose of establishing the trust. While the defendant denied that she held the property, or any part thereof, in trust for the plaintiff, and denied having agreed to so hold it, she admits that previously, upon an agreement to live apart from him, she paid him $1,200 for his interest in this property, and that subsequently, having been reconciled, he returned the money. We are not inclined to accept this amount as the measure of the plaintiff's contribution to the purchase price of the property, because other elements of consideration may have entered into this payment, but we think this admission by her so corroborates him that we should hold that the money he contributed to the purchase of this property should not be considered as a settlement in her favor, but that, if no principle of law prevents, we should grant him relief.

The rule is well stated: "Where, upon a purchase of property, the conveyance of the legal title is taken in the name of one person, while the consideration or a part of it is given or paid by another, not in the way of a loan to the grantee, the parties being strangers to each other, a resulting trust immediately arises from the transaction (unless it would be enforcing a fraud to raise a resulting

trust), and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds." 1 Perry, Trusts (6th ed.) sec. 126. And where the *cestui que trust* subsequently pays his note representing part of the purchase price, but secured by a mortgage upon the land, the note will be considered as a payment made at the date of the conveyance, and his estate will be enlarged to that extent. *Leonard v. Green,* 34 Minn. 137. If the money is paid by a husband and the title taken in the name of his wife, a settlement, and not a resulting trust, will be presumed, but the presumption may be rebutted and the trust enforced. *Persons v. Persons,* 25 N. J. Eq. 250; *Duvale v. Duvale,* 54 N. J. Eq. 581. The fact that an unenforceable oral contract was made between the parties with respect to the trust estate does not defeat the resulting trust which the law creates in favor of the husband, but should be ignored, except in so far as it may rebut the presumption of a settlement. *Smithsonian Institution v. Meech,* 169 U. S. 398. The property in litigation was purchased for $3,200; the plaintiff paid $800 of the purchase price, and the defendant holds an undivided one-fourth part of the title in trust for him. It was stated at the bar that the defendant, subsequent to the commencement of this action, recovered a judgment against the plaintiff for alimony. This judgment is not a lien upon an equitable title, nor, since the plaintiff is not in possession of the property, can it be sold upon execution. *First Nat. Bank v. Tighe,* 49 Neb. 299. However, this is an action in equity, and, if a trust is established in the plaintiff's favor, it should be impressed with a lien to satisfy her judgment, should she by supplemental answer set up that judgment, if other equitable considerations do not forbid that relief.

The judgment of the district court, therefore, is reversed, with directions to enter a judgment declaring a trust in the plaintiff's favor to an undivided one-fourth part of the property described in the action, but the defendant is given permission to so amend her answer as

13

to plead her judgment for alimony against the plaintiff, and the court is directed to make such order with respect thereto as may seem just and equitable.

REVERSED.